NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3145

CINDY TUTEN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Cindy Tuten, of Fairfax, South Carolina, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel, and Jeffrey A. Gauger, Attorney.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3145

CINDY M. TUTEN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: October 5, 2007

_____

Before BRYSON, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and KEELEY,[*] <u>Chief District Judge</u>.

PER CURIAM.

## DECISION

Cindy M. Tuten seeks review of the final decision of the Merit Systems Protection Board, No. AT-1221-05-0675-B-1, dismissing, for lack of jurisdiction, her individual right of action appeal under the Whistleblower Protection Act. We <u>affirm</u>.

## BACKGROUND

Ms. Tuten is a medical technician at the Federal Bureau of Prisons in Estill, South Carolina. On October 10, 2004, she sent a letter to the Office of Special Counsel

_____

[*]    Honorable Irene M. Keeley, Chief Judge of the United States District Court for the Northern District of West Virginia, sitting by designation.

claiming that the Federal Bureau of Prisons was retaliating against her for reporting, to the Office of Internal Affairs, instances of "gross mismanagement, abuse of office, waste of funds, falsification of medical records, [and] illegal transfer of sick inmates out of the [Estill facility] in order to pass program review." She claimed that, in retaliation for those disclosures, the agency harassed and humiliated her in order to coerce her into backdating performance logs, denied her leave requests, lowered her performance ratings, and required her to perform work for which she lacked the proper training.

On March 10, 2005, the Office of Special Counsel sent Ms. Tuten a letter setting forth proposed factual and legal determinations regarding her whistleblowing allegations and asking that she respond within 16 days. After receiving no response within the stated period, the Office of Special Counsel informed Ms. Tuten that it was terminating its inquiry into her claims. Ms. Tuten then filed an appeal with the Merit Systems Protection Board.

The administrative judge assigned to Ms. Tuten's appeal issued jurisdictional orders advising Ms. Tuten that it was her burden to show (1) that she made a disclosure protected by 5 U.S.C. § 2302(b)(8), and (2) that the disclosure was a contributing factor in the personnel action being appealed. The orders required Ms. Tuten to show that she had exhausted her administrative remedies and to identify, among other things, the "date, substance, and recipients of the protected disclosure." In response, Ms. Tuten acknowledged that the Board has jurisdiction over a whistleblowing appeal only if the appellant exhausts all available administrative remedies before the Office of Special Counsel and makes non-frivolous allegations that (1) the appellant engaged in whistleblowing activities by making a protected disclosure and (2) the disclosure was a

contributing factor in the agency's decision to take the personnel action in question. In response to the Board's inquiry into the details of the alleged disclosures, Ms. Tuten responded simply that she had reported "falsification [of] medical records, backdating of performance logs, backdating appraisals, selection without announcement, intimidation, abuse of power, waste of funds, [and] transfer of inmates."

The administrative judge dismissed Ms. Tuten's appeal for lack of jurisdiction based on a failure to exhaust her administrative remedies. On appeal, the full Board reopened the case and reversed that jurisdictional ruling. The Board, however, dismissed the appeal on the alternative ground that Ms. Tuten failed to demonstrate jurisdiction because she failed to make non-frivolous allegations of any protected disclosures. Ms. Tuten petitions for review of that ruling.

## DISCUSSION

As Ms. Tuten noted below, the Board has jurisdiction to hear an individual right of action appeal if the appellant both exhausts administrative remedies before the Office of Special Counsel and makes non-frivolous allegations that (1) the appellant engaged in whistleblowing activity by making a protected disclosure and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a prohibited personnel action. Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The appellant must make allegations that, if proved, would demonstrate that the appellant had a "reasonable belief" that the disclosure revealed misbehavior described by section 2302(b)(8) of title 5 of the United States Code. See Lachance v. White, 174 F.3d 1378, 1380-81 (Fed. Cir. 1999).

The Board ruled that two of the allegations contained in Ms. Tuten's letter to the Office of Special Counsel satisfied the exhaustion requirement—the allegation that the agency falsified medical records and the allegation that the agency illegally transferred sick inmates out of the institution to pass program review. The Board concluded, however, that neither allegation was sufficiently specific to constitute a non-frivolous allegation of a protected disclosure. That decision is correct. "Substantive details establishing jurisdiction must be alleged in the complaint." Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1036 (Fed. Cir. 1993) (citing Livingston v. Derwinski, 959 F.2d 224, 225 (Fed. Cir. 1992)). Ms. Tuten has provided nothing more than bare assertions of wrongdoing by the agency, even after being given an opportunity to provide more detail.

Ms. Tuten argues that the proper standard to evaluate jurisdiction in this case is whether, after discovery and a hearing, she could prove her claim by a preponderance of the evidence. She argues that we should remand the case to the Board with orders that she be allowed to conduct discovery. The flaw in that argument is that, for individual right of action appeals, the jurisdictional predicate is whether the appellant has made allegations that, if proved, would entitle the appellant to relief. Stoyanov v. Dep't of the Navy, 474 F.3d 1377, 1382 (Fed. Cir. 2007) (citing Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc), and Spruill v. Merit Sys. Prot. Bd., 978 F.2d 679, 687-89 (Fed. Cir. 1992)). Because Ms. Tuten failed to make the required allegations, the Board has no jurisdiction over this case and therefore has no authority to order discovery on the merits of the claims.

Ms. Tuten also contends that we should reverse the Board's decision because the Board failed to "alert" her to the fact that she was required to make more than

summary allegations. Even assuming there is such a requirement, the facts demonstrate that Ms. Tuten was on notice. In response to the Board's jurisdictional orders, she noted that she was required to make non-frivolous allegations that she had engaged in whistleblowing activity. In addition, the Board ordered Ms. Tuten to detail, among other things, the "date, substance, and recipients of the protected disclosure." Given her understanding and the specificity of the Board's order, Ms. Tuten cannot now complain that she lacked sufficient knowledge of what was required of her to establish jurisdiction. We therefore affirm the Board's decision dismissing Ms. Tuten's appeal.