NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HERBERT E. GREGORY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3178

---

Petition for review of the Merit Systems Protection Board in Case No. DC0731110018-I-1.

---

Decided: March 12, 2012

---

HERBERT E. GREGORY, of Alexandria, Virginia, pro se.

CALVIN MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. Of counsel on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel, of Washington, DC.

---

Before NEWMAN, LOURIE, and PROST, *Circuit Judges*.

PER CURIAM.

Petitioner Herbert E. Gregory petitions for review of a final decision by the Merit Systems Protection Board ("Board") dismissing his appeal from a failure of the General Services Administration ("GSA") to hire him for a job vacancy. *Gregory v. Gen. Servs. Admin.*, No. DC-0731-11-0018-I-1 (M.S.P.B. Nov. 12, 2010) ("*Initial Decision*"); (M.S.P.B. May 26, 2011) ("*Final Order*"). We affirm.

BACKGROUND

Gregory responded to a vacancy announcement for a position as an information technology specialist at the GSA in early 2010. The selecting official interviewed Gregory on June 11, 2010, during which Gregory exhibited substantial knowledge of information security practices but also revealed that he had been asked to leave his last position following a disagreement with a client. The hiring official conducted subsequent reference checks, noting some difficulty in obtaining and contacting professional references. On August 11, 2011, a GSA human resources specialist informed Gregory in writing that he had been selected for the position, with the following caveat: "This offer is tentative pending security approval." Gregory indicated his acceptance of the GSA's tentative offer the same day.

Through the ensuing security check, GSA officials learned that Gregory had resigned or had been released from employment on four occasions in the preceding five years. At that point, the selecting official decided against proceeding further, and the GSA informed Gregory on September 10, 2010 that his tentative offer of employment had been rescinded. In part, the GSA's notice stated

that Gregory "no longer [met] the suitability requirements for the Information Technology Public Trust position." As a result, Gregory's tentative selection was never finalized, he was never appointed to a government position, and he never entered on duty.

Gregory appealed to the Board to challenge the GSA's hiring decision, alleging that the agency had breached a contract and subjected him to a suitability action pursuant to 5 C.F.R. pt. 731. The Administrative Judge ("AJ"), noting that unsuccessful candidates for civil service employment ordinarily have no right to appeal their non-selection, issued an acknowledgement order seeking evidence and argument sufficient to support the Board's jurisdiction over Gregory's appeal. *Gregory v. Gen. Servs. Admin.*, No. DC-0731-11-0018-I-1 (M.S.P.B. Oct. 6, 2010). In response, Gregory filed numerous motions and responses arguing his contract and suitability theories, and the GSA filed a motion to dismiss for lack of jurisdiction.

In an initial decision, the AJ granted the GSA's motion to dismiss. The AJ found that Gregory "did not provide, and the record does not contain, any evidence that he was subjected to a suitability determination of any kind." *Initial Decision* at 2. Regarding Gregory's contractual arguments, the AJ held that the withdrawal of a tentative offer of employment did not constitute an appealable action. *Id.* at 3. The Board subsequently denied Gregory's petition for review, holding that the AJ's decision was supported by the record evidence and applicable law. *Final Order* at 2–3. Gregory appeals.

### DISCUSSION

Whether the Board has jurisdiction to adjudicate an appeal is a question of law that we review *de novo*, *Stoy-*

*anov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007), but we must accept the factual findings underlying the Board's jurisdictional determination unless they are not supported by substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). As the petitioner, Gregory bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2010).

Gregory maintains that his non-selection for employment at the GSA amounted to a suitability action, which would provide a right of appeal before the Board pursuant to 5 C.F.R. § 731.501(a). His position is based primarily on the GSA's statement that he no longer met "the suitability requirements" when it declined to complete his appointment.

Suitability determinations examine "suitability" for covered federal employment—specifically, whether "a person's character or conduct . . . may have an impact on the integrity or efficiency of the service." 5 C.F.R. § 731.101. If an individual is deemed unsuitable for service based on one or more of the factors enumerated in 5 C.F.R. § 731.202(b),[1] the acting agency may take a

---

[1] Section 731.202(b) provides an exclusive list of "[s]pecific factors" that can give rise to a suitability action: (1) Misconduct or negligence in employment; (2) Criminal or dishonest conduct; (3) Material, intentional false statement, or deception or fraud in examination or appointment; (4) Refusal to furnish testimony as required by § 5.4 of this chapter; (5) Alcohol abuse, without evidence of substantial rehabilitation, of a nature and duration that suggests that the applicant or appointee would be prevented from performing the duties of the position in question, or would constitute a direct threat to the property or safety of the appli-

suitability action, which can include removal, debarment, cancellation of eligibility, and/or cancellation of reinstatement eligibility. 5 C.F.R. § 731.203(a). Since June 16, 2008, however, "[a] non-selection, or cancellation of eligibility for a specific position . . . is not a suitability action even if it is based on reasons set forth in § 731.202." 5 C.F.R. § 731.203(b).

In this instance, the GSA's hiring decision cannot be considered an appealable suitability action under the clear terms of § 731.203(b), and its use of the word "suitability" in providing notice to Gregory does not alter the substance of the GSA's actions. As the Board correctly noted, there is no evidence that Gregory was removed or debarred from any position, that his reinstatement eligibility was cancelled, or that his eligibility was cancelled for any position other than the specific position he sought with the GSA. In short, the GSA's decision amounted to nothing more than a non-selection for employment, which is generally not appealable to the Board. *See Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998).

Gregory also contends that his acceptance of the GSA's tentative offer resulted in an enforceable employment contract, which the agency then breached upon rescinding that offer. First, the GSA's tentative offer was just that—a *tentative* offer that, on its face, was conditioned on satisfactory results of a pending security check.

---

cant or appointee or others; (6) Illegal use of narcotics, drugs, or other controlled substances without evidence of substantial rehabilitation; (7) Knowing and willful engagement in acts or activities designed to overthrow the U.S. Government by force; and (8) Any statutory or regulatory bar which prevents the lawful employment of the person involved in the position in question.

When those results proved unsatisfactory, the offer was withdrawn, Gregory was never appointed to the position, and he never entered on duty. At no point did a contractual relationship arise. Moreover, even if Gregory had been hired, federal employment follows a system of appointment that is, absent an explicit statutory exception, governed by statute and regulation rather than contractual obligation. *See Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985). We therefore reject Gregory's breach of contract theory.

We have considered Gregory's remaining jurisdictional arguments and find them unpersuasive. Accordingly, we hold that Gregory failed to establish the Board's authority to hear his appeal, and we therefore decline to consider his arguments on the merits of the GSA's hiring decision. The Board's decision to dismiss for lack of jurisdiction is

**AFFIRMED**

COSTS

No costs.