# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PAUL J. GANT,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　　Agency. | DOCKET NUMBER<br>DA-0731-13-1251-I-1<br><br><br>DATE: October 8, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul J. Gant, Brownsville, Texas, pro se.

Byron D. Smalley, Washington, D.C., for the agency.

Lisa M. Ezra, and Stephanie L. Ciechanowski, Esquire, Laredo, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We MODIFY the initial decision to discuss the agency's reliance on 5 C.F.R. § 332.406, and we find that the Board lacks jurisdiction over the appeal on this alternative basis.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant, a Federal Bureau of Prisons employee, filed an appeal challenging the agency's decision to withdraw tentative offers for positions as a Customs and Border Protection (CBP) Officer and Border Patrol Agent, and arguing that the agency made a negative suitability determination.  Initial Appeal File (IAF), Tab 1; *see* IAF, Tab 5, Subtab 2C (CBP Officer Application Final Disposition), Subtab 2D (Border Patrol Agent Final Disposition), Subtab 2F (the agency's "Unfavorable Suitability Determination" based on "[c]riminal or dishonest conduct").[2]   The agency filed a motion to dismiss for lack of jurisdiction.  IAF, Tab 5.  The administrative judge issued a show cause order,

---

[2] The appellant also asserted that he was a whistleblower, the administrative judge separately docketed an individual right of action (IRA) appeal, and she dismissed the appeal when the appellant informed her that he wanted to withdraw his IRA appeal and file a complaint with the Office of Special Counsel.  *See Gant v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0125-W-1, Initial Decision (Feb. 19, 2014).  The appellant did not file a petition for review of that initial decision.

explaining that the Board might not have jurisdiction over the appeal because it did not appear that the appellant had been subjected to a suitability action, and she ordered him to show cause why the appeal should not be dismissed for lack of jurisdiction. *See* IAF, Tab 18. In his response, made under penalty of perjury, the appellant stated that CBP informed him that if he decided to reapply for a position with CBP, the results of his last background investigation and/or polygraph examination would be used for future investigations for a minimum of 3 years. IAF, Tab 20 at 4; *see* IAF, Tab 5, Subtabs 2C, 2D. He also stated that he was "verbally told over the phone by CBP that in reality [he] was debarred for life" and, if he applied for any other positions, "the information would be presented to the respective agency and used to deem [him] unsuitable for employment." IAF, Tab 20 at 4.

¶3    The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction because the agency's nonselection for these positions did not constitute an appealable suitability action. *See* IAF, Tab 21, Initial Decision (ID) at 4-6. The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply. Petition for Review (PFR) File, Tabs 1, 4-5. On review, the appellant argues that the agency's actions constituted appealable suitability actions, and he otherwise generally contests the merits of the agency's actions. After the record closed on review, the appellant subsequently filed a motion to compel, to which the agency responded. PFR File, Tabs 6, 8.

<u>We affirm the administrative judge's conclusion that the appellant did not make a nonfrivolous allegation that the agency took a suitability action against him.</u>

¶4    The record contains a May 28, 2013 memorandum which stated, in pertinent part, that "[a]n unfavorable suitability determination has been rendered" for the appellant based on "[c]riminal or dishonest conduct." IAF, Tab 5, Subtab 2F. The determination stated that it applied to "All CBP Federal Employment." *Id.* Based on this memorandum, the agency informed the appellant that: (1) he was found unsuitable for the CBP Officer and Border Patrol Agent positions; (2) the

agency rescinded his tentative selection for these positions in accordance with 5 C.F.R. § 332.406; (3) he did not have Board appeal rights to challenge the agency decisions; and (4) the results of the background investigation and polygraph examination would be used in future investigations for the next 3 years. *See* IAF, Tab 5, Subtabs 2C, 2D.

¶5      Under the suitability regulations, only a "suitability action" may be appealed to the Board. *See Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009); *see also* 5 C.F.R. § 731.501(a). A "suitability action" is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment. 5 C.F.R. § 731.203(a). A nonselection for a specific position is not a "suitability action" even where, as here, it is based on the criteria for making a suitability determination as set forth in 5 C.F.R. § 731.202.[3] *See Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 9 (2009); *Kazan*, 112 M.S.P.R. 390, ¶ 6; *Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 8 (2009), *modified by Scott v. Office of Personnel Management*, 116 M.S.P.R. 356 (2011), *modified*, 117 M.S.P.R. 467 (2012); *see also* 5 C.F.R. § 731.203(b).

¶6      The agency's use of the term "Unfavorable Suitability Determination" in its memorandum is inartful, but it does not transform the agency's action into an appealable suitability action. *See, e.g.*, *Gregory v. Merit Systems Protection Board*, 469 F. App'x 891, 893 (Fed. Cir. 2012) ("[The General Services Administration's (GSA's)] use of the word 'suitability' in providing notice to Gregory does not alter the substance of the GSA's actions."), *cert denied*, 133 S. Ct. 417 (2012). The Board may follow nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit to the extent that it finds them to be persuasive. *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 11 (2010). We find the court's reasoning persuasive.

---

[3] Criminal and dishonest conduct is one of the specific factors that may be considered. *See* 5 C.F.R. § 731.202(b).

¶7     We also have considered the appellant's argument, made again on review, that he was debarred.  PFR File, Tab 1; *see* IAF, Tab 20 at 4.  An agency debarment is defined as a denial of examination for, or appointment to, all or specific covered positions within that agency for a period of up to 3 years, based on a finding of unsuitability.  *See* 5 C.F.R. § 731.205(a).  There is no evidence that the agency took such action.  To the contrary, the agency appeared to expect that the appellant might reapply for another position.  *See* IAF, Tab 5, Subtabs 2C, 2D (informing the appellant that, if he decided to reapply for a position with CBP, the results of his last background investigation and/or polygraph examination would be used for future investigations for a minimum of 3 years).  The appellant's assertion that an unidentified CBP employee told him on an unspecified date that he was "debarred for life," IAF, Tab 20 at 4, does not constitute a nonfrivolous allegation that the agency took a suitability action against him, *see, e.g.*, *Urena v. U.S. Postal Service*, 113 M.S.P.R. 6, ¶ 11 (2009) (finding that facts without support do not constitute nonfrivolous allegations).

¶8     Because the appellant failed to make a nonfrivolous allegation that the agency took a suitability action against him, we agree with the administrative judge's decision to dismiss the appeal for lack of jurisdiction.  *See Gregory*, 469 F. App'x at 893-94 ("[T]here is no evidence that Gregory was removed or debarred from any position, that his reinstatement eligibility was cancelled, or that his eligibility was cancelled for any position other than the specific position he sought with the GSA.  In short, the GSA's decision amounted to nothing more than a non-selection for employment, which is generally not appealable to the Board.").

We modify the initial decision to discuss the agency's reliance on 5 C.F.R. § 332.406, and we conclude that, even under this alternative authority, the Board lacks jurisdiction over the appeal.

¶9     An agency that wishes to not appoint an individual from a certificate based on any of the reasons identified in 5 C.F.R. § 731.202(b), including as here,

criminal and dishonest conduct, may make an objection pursuant to 5 C.F.R. § 332.406. *See* Recruitment and Selection Through Competitive Examination, 74 Fed. Reg. 30459, 30460 (June 26, 2009). Because the agency relied on 5 C.F.R. § 332.406 in its "Unfavorable Suitability Determination" and its correspondence to the appellant, *see* IAF, Tab 5, Subtabs 2C, 2D, 2F, and the administrative judge did not specifically analyze the agency's reliance on this regulation in the initial decision, we modify the initial decision to discuss this regulation.

¶10 Subsection (a) of 5 C.F.R. § 332.406 delegates to agencies the authority to adjudicate objections to eligibles. *See Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 10 (2010). In this context, an "[o]bjection" is "an agency's request to remove a candidate from consideration on a particular certificate." 5 C.F.R. § 332.102. Subsection (b) of 5 C.F.R. § 332.406 states that an objection may be sustained "only if it is based on a proper and adequate reason," which includes the criteria for making suitability determinations in 5 C.F.R. part 731. Subsection (g) states that an individual may not appeal to the Board a decision by an agency with delegated authority to sustain an objection. 5 C.F.R. § 332.406(g).

¶11 Even if we consider the agency's action pursuant to this alternative authority, the Board lacks jurisdiction over the appeal. The agency has delegated authority to sustain an objection, and criminal and dishonest conduct constitutes a "proper and adequate reason" to sustain an objection. 5 U.S.C. §§ 332.406(a), (b). Because the agency's rescission of the appellant's tentative offers is based on a sustained objection pursuant to 5 C.F.R. § 332.406, the appellant may not appeal these decisions to the Board.

The appellant's motion to compel is denied.

¶12 In his motion to compel, the appellant explains that he made a Freedom of Information Act (FOIA) request to the agency on May 10, 2013, but the

information requested was not "fully and completely answered."  PFR File, Tab 6. We need not consider the timeliness of the appellant's motion because the Board does not have jurisdiction to adjudicate the appellant's complaint that the agency did not comply with his FOIA request.  *See Cortright v. Department of Transportation*, 37 M.S.P.R. 565, 570 (1988); *see also* 5 U.S.C. § 552(a)(4)(B) (only U.S. district courts have jurisdiction to decide disputes over an agency's compliance with FOIA).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.