**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FERNANDO SOLIS,
           Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
           Agency.

DOCKET NUMBER
DA-3443-14-0065-B-1

DATE: January 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darrin W. Gibbons, Esquire, Richmond, Virginia, for the appellant.

Judith M. Ubando, Esquire, El Paso, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        In May 2012, the agency's Customs and Border Patrol (CBP) tentatively selected the appellant for two vacancies, Customs and Border Protection Officer and Border Patrol Agent.  *Solis v. Department of Homeland Security*, MSPB Docket No. DA-3443-14-0065-I-1, Initial Appeal File (IAF), Tab 5 at 45, 58. Over the following months, the appellant underwent additional pre-employment screening measures, including a polygraph examination.  *See id*. at 43, 51.  Citing the appellant's failure to successfully complete that polygraph examination, the agency rescinded the tentative offers in December 2012.  *Id*. at 37-42.

¶3        The appellant filed the instant appeal, alleging that the agency subjected him to an improper suitability action.  IAF, Tab 1.  The administrative judge initially dismissed the appeal for lack of jurisdiction without a hearing, but we remanded the matter for a jurisdictional hearing.  *Solis v. Department of Homeland Security*, MSPB Docket No. DA-3443-14-0065-I-1, Remand Order (July 23, 2014).  Subsequently, the administrative judge held the requisite hearing and issued a remand initial decision, again dismissing the appeal for lack of jurisdiction.  Remand File (RF), Tab 29, Remand Initial Decision (RID).  He concluded that the agency did withdraw the appellant's tentative job offers, but did not take a suitability action within the Board's jurisdiction.  RID at 4-7.  The

appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response.[2] PFR File, Tab 3.

¶4    The appellant reasserts that the agency's action amounted to a negative suitability determination, not just the rescission of tentative job offers. PFR File, Tab 1 at 4. He also alleges that the administrative judge failed to resolve conflicting statements made by a testifying witness. *Id*. at 5. We find no merit to his arguments.[3]

¶5    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, an unsuccessful candidate for a Federal civil service position has no right to appeal his nonselection. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992). However, a "suitability action" may be appealed to the Board. *See Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009); 5 C.F.R. § 731.501(a).

¶6    A "suitability action" is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment. 5 C.F.R. § 731.203(a). A nonselection for a specific position is not a "suitability action," even where it is based on the criteria in 5 C.F.R. § 731.202 for making a suitability determination. *See Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 9 (2009); *Kazan*, 112 M.S.P.R. 390, ¶ 6; *Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 8 (2009), *modified by Scott v. Office of*

---

[2] The agency has repeatedly cited initial decisions in support of its arguments. *See, e.g.*, PFR File, Tab 3 at 6 n.7 (citing *Martinez v. Department of Homeland Security*, MSPB Docket No. DA-0731-09-0620-I-1, Initial Decision (Oct. 14, 2009); *Thomason v. Department of Homeland Security*, MSPB Docket No. PH-0731-09-0423-I-1, Initial Decision (June 8, 2009)). However, such reliance is misplaced because initial decisions have no precedential value. *Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988); 5 C.F.R. § 1201.113.

[3] Because the appellant failed to meet his jurisdictional burden, we will not address his remaining arguments concerning the propriety of his having to undergo a pre-employment background investigation and polygraph examination, given his prior Federal employment. PFR File, Tab 1 at 6-7.

*Personnel Management*, 116 M.S.P.R. 356 (2011), *modified*, 117 M.S.P.R. 467 (2012); 5 C.F.R. § 731.203(b).

¶7       As the administrative judge acknowledged, the agency's documentation does repeatedly discuss the appellant's failed polygraph examination as resulting in a determination that he was "unsuitable."  RID at 2, 4; *see* IAF, Tab 5 at 37-42. However, the agency's documentation also repeatedly refers to rescinding the tentative job offers in accordance with 5 C.F.R. § 332.406, pertaining to objections to eligibles.[4]  *See, e.g.*, IAF, Tab 5 at 37-38, 42.  To clarify, agency officials testified at the hearing that they did not take a suitability action against the appellant, but did process objections to an eligible.  RF, Tab 26, Hearing Compact Disc (HCD) (testimony of B.S. and W.R.).  They generally dismissed the documentation as templates used anytime an applicant fails a polygraph. HCD (testimony of B.S., T.B., and W.R.).

¶8       On review, the appellant reasserts that he was subject to a suitability determination within the Board's jurisdiction, based upon the aforementioned references to suitability in the agency's documentation.  PFR File, Tab 1 at 4-5. He primarily relies on an internal agency memorandum from the Personnel Security Division that includes a subject line of "Unfavorable Suitability Determination," in reference to "All CBP Federal Employment."  *Id*. at 4 (referencing IAF, Tab 5 at 42).  However, the text of that memorandum suggests that a suitability determination had not yet been made, but could be, if necessary. IAF, Tab 5 at 42.  Therefore, the document appears internally inconsistent.  Such

---

[4] Subsection (a) of 5 C.F.R. § 332.406 delegates to agencies the authority to adjudicate objections to eligibles.  *See Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 10 (2010).  In this context, an "[o]bjection" is "an agency's request to remove a candidate from consideration on a particular certificate."  5 C.F.R. § 332.102.  Subsection (b) of 5 C.F.R. § 332.406 states that an objection may be sustained "only if it is based on a proper and adequate reason," which includes the criteria for making suitability determinations in 5 C.F.R. part 731.  Subsection (g) states that an individual may not appeal to the Board a decision by an agency with delegated authority to sustain an objection.  5 C.F.R. § 332.406(g).

inartful references to suitability do not transform the appellant's nonselection into an appealable suitability action. *See, e.g.*, *Gregory v. Merit Systems Protection Board*, 469 F. App'x 891, 893 (Fed. Cir.) ("[The General Services Administration's (GSA's)] use of the word 'suitability' in providing notice to Gregory does not alter the substance of the GSA's actions."), *cert denied*, 133 S. Ct. 417 (2012).[5]

¶9     The appellant also alleges that the administrative judge erred in rendering the remand initial decision without making credibility determinations pursuant to *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). PFR File, Tab 1 at 5. He suggests that each of the agency's witnesses provided testimony in this appeal that conflicts with a prior statement from one of those witnesses, T.B., in the context of a separate discrimination complaint, as well as the documentation referring to suitability. *See id.*; IAF, Tab 5 at 34-35, 37-42.

¶10    We agree that the aforementioned statement from T.B., like much of the agency's documentation, further demonstrates that the agency has failed to carefully differentiate between suitability and nonselection when discussing the results of the appellant's polygraph and the action that followed. IAF, Tab 5 at 35, 37-42. Nevertheless, as the administrative judge properly noted, agency officials responsible for rescinding the appellant's tentative job offers and processing suitability actions, generally, provided undisputed testimony that the agency did not make a suitability determination. RID at 7; HCD (testimony of B.S. and W.R.). Although the administrative judge did not explicitly cite *Hillen* in crediting the agency's unambiguous testimony over the agency's ambiguous documentation, the appellant has shown no resulting harm. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal

---

[5] The Board may follow nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit to the extent that it finds them to be persuasive. *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 11 (2010).

of an initial decision).  The appellant bore the burden of proving that the agency's action amounted to a suitability determination within the Board's jurisdiction, but the administrative judge correctly determined that the appellant failed to meet that burden.  *See Upshaw*, 111 M.S.P.R.  236, ¶¶ 6-8;  5  C.F.R. § 1201.56(b)(2)(i)(A).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website,  http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board

Washington, D.C.