# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPH P. CARSON, | DOCKET NUMBER |
| Appellant, | AT-1221-14-0620-W-1 |
| v. | |
| OFFICE OF SPECIAL COUNSEL, | DATE: March 25, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph P. Carson, Knoxville, Tennessee, pro se.

Jason Weidenfeld, Esquire, and Pamela Gault, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's new claims raised in the first instance on review, we AFFIRM the initial decision.

## BACKGROUND

The appellant, an employee of the Department of Energy, filed an IRA appeal alleging that, in reprisal for his whistleblowing activities, the Office of Special Counsel (OSC) failed or refused to take steps to resolve his protected disclosures regarding violations of law by OSC. Initial Appeal File (IAF), Tab 1 at 1, 15-16, Tab 2 at 1. On the section of the appeal form requiring the appellant to indicate the personnel action or decision that he was appealing, he wrote, "any other significant change in working conditions." IAF, Tab 1 at 4. OSC responded, alleging that the appellant was never employed by OSC, the matters raised in his appeal were not personnel actions, and the Board lacked jurisdiction to review the merits of OSC's investigative decisions. IAF, Tab 6 at 6. Subsequently, the administrative judge issued an order to show cause, which set forth the requirements for establishing jurisdiction over an IRA appeal. IAF, Tab 10 at 1-2.

After the appellant submitted two responses to the order to show cause, the administrative judge dismissed the appeal for lack of jurisdiction without holding

the hearing requested by the appellant. *See* IAF, Tab 1 at 2, Tab 13, Initial Decision (ID) at 1, 4; *see also* IAF, Tabs 11-12 (the appellant's responses to the show cause order). He found that the Board lacked jurisdiction over the appeal because OSC's failure to resolve the appellant's claims of whistleblower retaliation was not a "personnel action" under 5 U.S.C. § 2302(a)(2)(A).[2] ID at 3. In addition, the administrative judge found that the Board lacked authority to review the appellant's allegations that OSC violated 5 U.S.C. § 1213(g), a statutory provision addressing referral of certain protected disclosures received by OSC to agency heads. ID at 4; IAF, Tab 12 at 4-6.

¶4    The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 3. The agency has filed a response to the petition for review, and the appellant has filed a reply. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). We agree with the administrative

---

[2] The administrative judge found that, standing alone, the fact that the appellant was not employed by OSC, the agency that he alleged took the personnel action against him, did not necessarily preclude Board jurisdiction over his appeal. *See* ID at 3; *see also Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 9-10 (2010) (finding that the Whistleblower Protection Act (WPA) did not restrict the definition of an "employee" to employees of the agency alleged to have taken the personnel action at issue).

judge that the dispositive issue in this appeal is whether the appellant raised a nonfrivolous allegation that OSC took or failed to take a personnel action against him. *See* ID at 3.

<u>The administrative judge correctly found that the appellant failed to raise a nonfrivolous allegation that OSC took or failed to take a personnel action against him.</u>

¶6     "Personnel actions," for purposes of the Whistleblower Protection Enhancement Act (WPEA), are defined as the following 12 actions:  (i) an appointment; (ii) a promotion; (iii) an action under 5 U.S.C. chapter 75 or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under 5 U.S.C. chapter 43; (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in 5 U.S.C. § 2302(a)(2)(A); (x) a decision to order psychiatric testing or examination; (xi) the implementation or enforcement of any nondisclosure policy, form, or agreement; and (xii) any other significant change in duties, responsibilities, or working conditions.  5 U.S.C. § 2302(a)(2)(A).

¶7     The appellant has not alleged, either below or on review, that OSC's actions constitute any of the 11 personnel actions enumerated in 5 U.S.C. § 2302(a)(2)(A)(i)-(xi).  *See* PFR File, Tabs 3, 6; *see also* IAF, Tabs 1-2, 11-12. Instead, the appellant relies upon 5 U.S.C. § 2302(a)(2)(A)(xii), arguing that OSC's failure or refusal to resolve his alleged protected disclosures and refusal to seek a legal opinion from the Office of Legal Counsel of the Department of Justice regarding his allegations that OSC violated the law constitute a "significant change in working conditions."  PFR File, Tab 3 at 10, 12, Tab 6 at 5; IAF, Tab 1 at 4, Tab 2 at 1 (the appellant's argument below).  We agree with the administrative judge that, although OSC's investigations and prosecutorial

decisions may be of keen interest to the appellant, they do not constitute personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A). *See* ID at 3-4.

¶8        The appellant has not challenged the administrative judge's findings that OSC is not his employing agency and that he has not applied to OSC for any work, transfer, detail, restoration, or other attribute of employment.  ID at 3; PFR File, Tabs 3, 6.  The appellant continues to allege on review that OSC's failure or refusal to resolve his alleged protected disclosures was a personnel action because it "would dissuade a[]reasonable co-worker from making protected disclosures to OSC," reporting prohibited personnel practices to OSC, or assisting in an OSC investigation.  *See* PFR File, Tab 3 at 10; *see also* IAF, Tab 2 at 1 (the appellant's argument below).  However, he has not alleged that OSC's actions or inactions resulted in any specific changes in his own job duties, responsibilities, or working conditions.[3]  *See* 5 U.S.C. § 2302(a)(2)(A)(xii); *see also* PFR File, Tabs 3, 6; IAF, Tab 1 at 15-16, Tab 2 at 1, Tabs 11-12.  In the absence of such allegations, the appellant's generalized assertion that he experienced a significant change in duties, responsibilities or working conditions is insufficient to raise a nonfrivolous allegation that OSC took a personnel action against him.  *See Godfrey v. Department of the Air Force*, 45 M.S.P.R. 298, 303 (1990) (jurisdiction over an IRA appeal requires more than generalized assertions unsupported by reference to any specific matter).

---

[3] Although not clearly articulated by the appellant on review, to the extent that he alleges that OSC's failure or refusal to resolve his disclosures is a personnel action because it contributes to "corruption and dysfunction" in the federal workplace, we find that such a general allegation is not sufficiently concrete or specific to constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A).  *See* PFR File, Tab 3 at 6 (the appellant's argument that OSC's alleged abandonment of its statutory responsibilities results in corruption and dysfunction in federal agencies); *see also King v. Department of Health & Human Services*, 133 F.3d 1450, 1452-53 (Fed. Cir. 1998) (an action must have "practical consequences" for an employee to constitute a "personnel action" under 5 U.S.C. § 2302(a)(2)(A)); *Zimmerman v. Department of Housing & Urban Development*, 61 M.S.P.R. 75, 80 (1994) (allegations of "continuing reprisal" and "threats" were too vague to constitute personnel actions).

¶9      The statute authorizing Board jurisdiction over IRA appeals authorizes an employee to seek corrective action from the Board with respect to a personnel action taken "against such employee." 5 U.S.C. § 1221(a). It does not authorize an employee to appeal alleged personnel actions taken against his coworkers. *See id.*; *see also Stoyanov v. Department of the Navy*, 474 F.3d 1377, 1380-81 (Fed. Cir. 2007) (finding that the alleged personnel action must be taken or proposed to be taken against the person bringing the IRA appeal). We find that the alleged deterrent effect upon the appellant's coworkers is not a personnel action under 5 U.S.C. § 2302(a)(2)(A).[4]

<u>The administrative judge did not misinterpret the nature of the alleged "personnel action."</u>

¶10      On review, the appellant argues that the administrative judge misinterpreted the nature of the personnel action that he alleged that OSC took against him. PFR File, Tab 3 at 4, 10-13. He contends that the administrative judge misconstrued his appeal as alleging that the personnel action was OSC's failure to protect him from reprisal by his employing agency, the Department of Energy. *Id.* at 4, 12-13. We find that the appellant's argument is not supported by the initial decision or any other evidence in the record below. The administrative judge did not state that the appellant alleged that OSC had failed to protect him from reprisal by the Department of Energy. *See* ID. Instead, he found that the appellant alleged that OSC's "failure to resolve or refusal to resolve [his] allegations of whistleblower reprisal in a timely and objective manner" was a

---

[4] The appellant argues that Supreme Court precedent in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), a case arising under Title VII of the Civil Rights Act, requires the Board to consider whether OSC's actions would dissuade a reasonable coworker from making protected disclosures to OSC. PFR File, Tab 3 at 10. However, in *Stoyanov*, which was decided after *Burlington Northern*, the U.S. Court of Appeals for the Federal Circuit held that, in an IRA appeal, the personnel action must be taken against the person bringing the appeal. *Stoyanov*, 474 F.3d at 1380-81. It is well settled that decisions of the Federal Circuit constitute precedent that is binding on the Board. *Spain v. Department of Homeland Security*, 99 M.S.P.R. 529, ¶ 9 (2005), *aff'd*, 177 F. App'x 88 (Fed. Cir. 2006).

personal action.  ID at 3.  We find the administrative judge's interpretation to be consistent with the appellant's allegations below that OSC retaliated against him by failing or refusing to resolve his claims regarding OSC's own violations of law.[5]  *See* IAF, Tab 2 at 1 (the appellant's allegations below), Tab 11 at 2 (same).

<u>Absent a personnel action, the Board lacks jurisdiction to review the appellant's claims that OSC violated the law.</u>

¶11      On review, the appellant contends that the administrative judge erred in failing to address whether he made a protected disclosure.[6]  PFR File, Tab 3 at 12.  However, absent a "personnel action," the Board lacks jurisdiction over the appellant's IRA appeal.  *See Shivaee v. Department of the Navy*, 74 M.S.P.R. 383, 387 (1997) (in order for a right of appeal to accrue under the WPA, the predecessor to the WPEA, the appellant must establish that he was subject to a threatened personnel action); *see also Yunus*, 242 F.3d at 1371 (in order to establish Board jurisdiction over an IRA appeal, an appellant must establish both that he made a protected disclosure and that the disclosure was a contributing factor in the decision to take or fail to take a personnel action).  Therefore, once

---

[5] Even assuming for the sake of argument, however, that the administrative judge misconstrued the appellant's arguments, the appellant has not demonstrated that this error would be prejudicial to his substantive rights.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  We find that the appellant failed to raise a nonfrivolous allegation that either OSC's failure to resolve his allegations that OSC violated the law or OSC's failure to protect him from unspecified reprisal by the Department of Energy was a personnel action, as that term is defined in 5 U.S.C. § 2302(a)(2)(A).

[6] After the close of the record on review, the appellant filed two motions seeking leave to file additional evidence and argument.  PFR File, Tabs 9, 12.  The appellant alleges that this new evidence would support his claims of "having a 'reasonable belief' in his whistleblower disclosures about OSC law breaking . . . ."  *See* PFR File, Tab 9 at 4, *see also* PFR File, Tab 12 at 4-5.  However, the appellant has not demonstrated the relevance of this evidence to the dispositive issue in this appeal, which is whether he raised a nonfrivolous allegation that OSC took or failed to take a personnel action against him.  Accordingly, the appellant's motions are denied.  *See* 5 C.F.R. § 1201.114(k) (once the record closes, no additional evidence or argument will be accepted unless it is new and material).

the administrative judge found that the appellant had failed to raise a nonfrivolous allegation that OSC took or failed to take a personnel action against him, he was not required to address whether the appellant had a reasonable belief that OSC was violating the law. *See Shivaee*, 74 M.S.P.R. at 387-89 (dismissing an IRA appeal on the ground that the appellant failed to raise a nonfrivolous allegation of a personnel action, without addressing whether he had a reasonable belief that the agency violated the law).

¶12    On review, the appellant also repeatedly asserts that OSC violated the law when it failed to resolve his whistleblower disclosures. PFR File, Tab 3 at 4-6, 10, 12, Tab 6 at 5. However, the Board has no authority to adjudicate the appellant's claims that OSC violated the law in failing to investigate his claims. *See Wren v. Merit Systems Protection Board*, 681 F.2d 867, 871-72 (D.C. Cir. 1982) (finding that the Board had no authority to enforce the statutory requirement that OSC investigate allegations of whistleblower reprisal).

<u>The Board will not address the issue of whether the Board took a personnel action against him by failing to conduct special studies, including studies of OSC.</u>

¶13    On review, the appellant continues to argue that the Board enables OSC's violations of law by failing to conduct "special studies" pursuant to 5 U.S.C. § 1204(a)(3).[7] *See* PFR File, Tab 3 at 6-7, 9, 12, Tab 6 at 5; *see also* IAF, Tab 11 at 6 (the appellant's assertion below that the Board violated the law by failing to conduct special studies). For the first time on review, he additionally contends that the Board's failure to conduct special studies was itself a "significant change in working conditions." PFR File, Tab 6 at 5.

¶14    The appellant previously raised the issue of whether the Board took a personnel action against him by failing to conduct special studies, including studies of OSC, in another appeal against the Board, *Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1. The administrative

---

[7] Because the administrative judge did not address this claim, we MODIFY the initial decision to do so.

law judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to raise a nonfrivolous allegation that the Board's failure to conduct special studies constituted a personnel action.[8]  *See Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Initial Decision at 2, 5-7 (Nov. 6, 2014).  The initial decision became the Board's final decision after all three Board members recused themselves from considering the appellant's petition for review.  *Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Order (Dec. 23, 2014); *see* 5 C.F.R. § 1200.3(b).  Because the Board's members previously recused themselves from considering this issue, the Board will not address it further.[9]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

---

[8] For the first time on review, the appellant also argues that because he raised claims against the Board, his appeal should have been assigned to an administrative law judge under 5 C.F.R. § 1201.13, as though it were an appeal by a Board employee, or alternatively, that the administrative judge should have been disqualified under 5 C.F.R. § 1201.42.  PFR File, Tab 3 at 9, 12.  As noted above, the appellant's appeal against the Board was assigned to an administrative law judge.  *See Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Initial Decision at 1 n.2 (Nov. 6, 2014).

[9] On December 31, 2014, the appellant appealed the Board's final decision to the U.S. Court of Appeals for the District of Columbia Circuit, where his appeal remains pending.  The court will review the issue of the Board's jurisdiction over the appeal de novo.  *See Stoyanov*, 474 F.3d at 1379 (whether the Board has jurisdiction to adjudicate an appeal is a question of law that is reviewed de novo).

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.