# United States Court of Appeals for the Federal Circuit

2006-3363

ALEKSANDR J. STOYANOV,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Aleksandr J. Stoyanov, of Fulton, Maryland, pro se.

Gregory T. Jaeger, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Deborah A. Bynum, Assistant Director.

Appealed from United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3363

ALEKSANDR J. STOYANOV,

                                                                    Petitioner,

v.

DEPARTMENT OF THE NAVY,

                                                                    Respondent.

_____

DECIDED: January 26, 2007

_____

Before GAJARSA, MOORE and JORDAN,[*] Circuit Judges.

MOORE, Circuit Judge.

Aleksandr J. Stoyanov ("Stoyanov") seeks review of a final order of the Merit Systems Protection Board ("the Board") dismissing his individual right of action ("IRA") appeal for lack of jurisdiction. Stoyanov v. Dep't of the Navy, No. DC1221060266-W-1 (M.S.P.B. Aug. 2, 2006). Because Stoyanov did not set forth nonfrivolous allegations of a prohibited personnel action taken against him in his original pleading to the Office of Special Counsel ("OSC"), the Board properly dismissed his appeal for lack of jurisdiction. We affirm.

_____

[*]         Honorable Kent A. Jordan, United States Court of Appeals for the Third Circuit, sitting by designation.

BACKGROUND

Stoyanov is a former employee of the Naval Surface Warfare Center Carderock Division ("the agency"). Stoyanov has numerous complaints pending against the Department of the Navy in district court as well as with the Equal Employment Opportunity Commission ("EEOC") relating to his employment with the agency. In December 2005, Stoyanov filed a whistleblower complaint with the OSC, alleging that the agency was escalating intentional discrimination against Stoyanov's brother, Dr. Yuri Stoyanov, based on the whistleblowing activities of both brothers.

The alleged whistleblowing activities include Stoyanov's reporting alleged violations of EEOC laws and regulations by the agency as well as the agency's failure to enforce a March 2005 EEOC Order. Stoyanov claimed in his OSC complaint that the whistleblowing occurred in an August 2005 disclosure to a Navy Captain and in a November 2005 disclosure to the Secretary of the Navy. Stoyanov's OSC submission complained of five specific agency actions, four of which were taken against his brother, Dr. Yuri Stoyanov. These four actions are: (1) issuance of a Notice of Proposed Suspension on September 7, 2005; (2) issuance of a false performance evaluation on November 1, 2005; (3) denial of a within-grade promotion on November 14, 2005; and (4) issuance of a Letter of Reprimand on November 22, 2005. Stoyanov's fifth claim related to an alleged conspiracy among Navy officials in failing to enforce the March 2005 EEOC Order against responsible management officials. The March 2005 EEOC Order, Stoyanov explains, contained the EEOC's directives for disciplinary actions to be taken against agency personnel involved in prohibited discrimination against Stoyanov.

By letter dated January 20, 2006, the OSC informed Stoyanov that it had terminated its inquiry into his allegations, and that he could seek corrective action from the Board for any personnel action taken or proposed to be taken against him due to the alleged whistleblowing activity that was the subject of his OSC complaint. Stoyanov thereafter filed a timely IRA appeal with the Board, pursuant to 5 U.S.C. § 1221. Upon review of Stoyanov's appeal, an Administrative Judge ("AJ") issued an order to show cause, ordering Stoyanov to provide evidence and argument to prove that his claim was within the Board's jurisdiction. Specifically, the AJ noted that Stoyanov's OSC complaint was limited to allegations of personnel actions that the agency took or proposed with respect to his brother, Dr. Yuri Stoyanov. Stoyanov responded with a pleading that the AJ characterized as "reiterat[ing] many of the allegations set forth in his initial submission." The agency also responded, arguing that Stoyanov's appeal should be dismissed for lack of jurisdiction because none of the alleged actions involved Stoyanov himself.

The AJ dismissed the appeal, concluding that the Board could only consider the allegations raised to the OSC, and each of those allegations involved personnel actions taken or proposed against Stoyanov's brother. Thus, the AJ concluded that the Board has jurisdiction over IRA appeals alleging violations of the Whistleblower Protection Act ("WPA") for federal government employees, codified at 5 U.S.C. § 2302(b)(8) & (9), only for personnel actions taken or proposed with respect to the IRA appellant himself.[1]

---

[1] The AJ's decision was based on the statute establishing the right to bring an IRA before the Board, 5 U.S.C. § 1221, and not upon the statute prohibiting the government from taking certain personnel actions based on an employee's whistleblowing activities, 5 U.S.C. § 2302 (b)(8)-(9).

Stoyanov appealed the AJ's initial decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b). Stoyanov timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We must affirm the decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). Whether the Board has jurisdiction to adjudicate an appeal is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Stoyanov, as petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. Id. (citing 5 C.F.R. § 1201.56(a)(2) (2001)).

The Board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule, or regulation. Clark v. Merit Sys. Prot. Bd., 361 F.3d 647, 650 (Fed. Cir. 2004). To establish the Board's jurisdiction over an IRA appeal, we have held that an appellant must demonstrate that he exhausted his administrative remedies before the OSC and make non-frivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The Board's jurisdictional

statute states that the right to file an IRA appeal is limited to employees, former employees, or applicants for employment "with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment." 5 U.S.C. § 1221(a). Based upon this statute, the Board dismissed for lack of jurisdiction on the ground that Stoyanov failed to make an allegation to the OSC involving a personnel action taken or proposed to be taken against Stoyanov himself.

On appeal, Stoyanov argues that the Board erred in three ways: (1) that the anti-retaliation nature of the WPA requires it to be read broadly to encompass retaliation by an agency against a whistleblower's family members; (2) that the Board failed to properly consider all of the allegations that he made to the OSC; and (3) that the Board erred in relying on Garcia v. Department of Homeland Security, 437 F.3d 1322 (Fed. Cir. 2006) (en banc), in assessing its jurisdiction. None of these arguments, which we will address in turn, is persuasive.

I

First, Stoyanov argues that the overall purpose of the WPA is intended to promote the reporting and investigation of violations of laws, rules, regulations, and abuse of authority in the workplace. Accordingly, Stoyanov argues that permitting retaliation against a whistleblower's family runs afoul to the anti-retaliatory nature of the statute. In support, Stoyanov cites a decision from the Seventh Circuit holding that discharging a supervisor in retaliation for the supervisor's relative's union activities could violate the National Labor Relations Act ("NLRA"), despite the fact that supervisors were explicitly excluded from protection under the NLRA. Nat'l Labor Relations Bd. v. Advertisers Mfg. Co., 823 F.2d 1086, 1088 (7th Cir. 1987) ("[T]o retaliate against a man

by hurting a member of his family is an ancient method of revenge, and is not unknown in the field of labor relations."); see 29 U.S.C. § 152(3) (excluding supervisors from NLRA). Stoyanov suggests that the Seventh Circuit properly recognized that retaliatory acts taken against a family member are akin to taking the acts against a person himself.

The NLRA statute at issue in Advertisers Manufacturing, however, is quite different than the statute giving the Board jurisdiction over IRA appeals. Specifically, the NLRA defines "unfair labor practices" not just as discrimination against an employee because of his union activities, but also as any practice that interferes with, restrains, or coerces employees in exercising union rights (as provided in 29 U.S.C. § 157). 29 U.S.C. § 158(a)(1)-(4). Thus, the unfair practice need not be directed at the employee bringing an NLRA claim. Accordingly, it was reasonable for the Seventh Circuit to find that firing an employee's mother hurt the employee in such a way as to "interfere, restrain or coerce" the employee's union activities, in violation of the NLRA. Advertisers Mfg., 823 F.2d at 1088.

Unlike the NLRA, the IRA statute provides relief at the Board only for complaints by employees, former employees, and applicants for employment "with respect to any personnel action taken, or proposed to be taken, against such employee." 5 U.S.C. § 1221(a) (emphasis added). We agree with the Board that the statute on its face clearly requires that the allegedly improper personnel practice must be taken or proposed to be taken against the person bringing the IRA appeal. Stoyanov v. Dep't of the Navy, No. DC1221060266-W-1, at 3 (M.S.P.B. Mar. 30, 2006); see also Glover v. Dep't of the Army, 94 M.S.P.R. 534 (2003) (holding that a widower did not have standing to bring an IRA based on a violation of the WPA on behalf of her deceased

husband). Despite Stoyanov's argument that this narrow interpretation runs counter to the purpose of the statute, the language of the statute is clear. Moreover, this determination is consistent with our decisions finding that Congress did not intend the WPA to cover every action in the workplace. See e.g., King v. Health & Human Servs., 133 F.3d 1450, 1452-53 (Fed. Cir. 1998) (holding that a progress report was not a "performance evaluation" under the WPA) (citing H.R. Conf. Rep. No. 95-1717, at 129-30 (1978)); Frederick v. Dep't of Justice, 73 F.3d 349, 353-54 (Fed. Cir. 1996) (holding that one negative report, out of ten reports made during a training period was not a "performance evaluation" under the WPA); Weber v. Dep't of the Army, 9 F.3d 97, 101 (Fed. Cir. 1993) (holding that the failure to select one employee's engineering proposal over others was not a personnel action).

Accordingly, the Board properly concluded that it did not have jurisdiction to adjudicate Stoyanov's allegations that the Department of the Navy was taking, or proposing to take, actions against his brother in retaliation for Stoyanov's whistleblowing activities.

II

Next, Stoyanov argues that the Board did not properly consider each of the allegations that he made to the OSC. We disagree.

Other than the allegations involving his brother, discussed above, the only other specific acts mentioned in Stoyanov's initial OSC complaint involve failure by the agency to enforce the March 2005 EEOC Order. As above, this is not a personnel action taken, or proposed to be taken, against Stoyanov. See 5 U.S.C. § 1221(a). The OSC complaint provides no other specific allegations of an agency personnel action that

the Board could have considered. See Ward v. Merit Sys. Prot. Bd., 981 F.2d 521, 526 (Fed. Cir. 1992) (holding the Board has jurisdiction over whistleblower's action only if petitioner first specified the exact grounds of wrongdoing to the Office of Special Counsel). In fact, the alleged protective disclosures in this case were made in August and November 2005 and involve Stoyanov reporting the agency's noncompliance with a March 2005 EEOC Order. Those disclosures occurred two years after Stoyanov's employment with the Department of Navy terminated. Although a personnel practice under the WPA could arise after termination of employment (such as a decision regarding reinstatement or payment of benefits, respectively, under 5 U.S.C. § 2302(a)(2)(A)(v) & 2302(a)(2)(A)(ix)), no such allegation has been made by Stoyanov in this case.

Because an IRA appellant must exhaust his remedies for WPA allegations with the OSC, and because, in this case, the Board correctly held that Stoyanov did not raise an allegation to the OSC involving a personnel practice taken against him, the Board properly dismissed his appeal for lack of jurisdiction. Clark, 361 F.3d at 651 (citing 5 U.S.C. §§ 1221(a), 1214(a)(3)).

III

Finally, Stoyanov argues that the Board's decision should be reversed because the AJ improperly relied on Garcia when reciting the standard by which the Board determines it has jurisdiction. The Garcia case involved an allegation of constructive adverse action by an agency, which is filed pursuant to 5 U.S.C. § 7512, 437 F.3d at 1324, whereas the present action involves an IRA filed pursuant to 5 U.S.C. § 1221. In Garcia, however, this court did address IRA appeals, and reiterated the standard by

which an appellant establishes the Board's jurisdiction. 437 F.3d at 1324. Specifically, this court reaffirmed its holding in Spruill v. Merit Systems Protection Board, 978 F.2d 679, 687-89 (Fed. Cir. 1992), that for IRA appeals, the Board's jurisdiction is established by nonfrivolous allegations that the appellant made a protected disclosure that was a contributing factor to the personnel action taken or proposed. Garcia, 437 F.3d at 1325.

Accordingly, the AJ's reliance on Garcia was appropriate. The AJ properly recited the standard for jurisdiction in IRA appeals and concluded that the standard was not met in this case.

## CONCLUSION

We have reviewed Stoyanov's remaining arguments and find them to be unpersuasive. For the foregoing reasons, we conclude that the Board did not err in holding that it lacked jurisdiction over Stoyanov's appeal. The decision of the Board is therefore affirmed.

## AFFIRMED