NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOLORES J. D'ALONZO,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3169

---

Petition for review of the Merit Systems Protection Board in case no. NY0831100245-I-1.

---

Decided: December 12, 2011

---

DOLORES J. D'ALONZO, of Tarpon Springs, Florida, pro se.

CARRIE A. DUNSMORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA M. BURKE, Assistant Director.

---

Before LINN, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

Dolores J. D'Alonzo appeals from the decision of the Merit Systems Protection Board (Board) denying her lump sum death benefits. *D'Alonzo v. Office of Pers. Mgmt.*, No. NY-0831-10-0245-I-1, slip op. at 11 (M.S.P.B. Nov. 2, 2010). For the reasons discussed below, we *affirm*.

In April 1999, the Office of Personnel Management (OPM) received an undated designation of beneficiary form from Michael D'Alonzo, a former Federal employee. Mr. D'Alonzo designated his daughter, Barbara Gerrish, as the beneficiary entitled to 100% of his Civil Service Retirement System (CSRS) benefits. The form also indicated that Ms. Gerrish's children would each receive half of the benefits should she predecease Mr. D'Alonzo. Petitioner, Mr. D'Alonzo's other daughter, was not named as a beneficiary. Mr. D'Alonzo died in October 1999. Ms. D'Alonzo submitted an application to OPM for a lump sum CSRS benefit. OPM denied Ms. D'Alonzo's application for death benefits because she was not named on the designation of beneficiary form. OPM upheld its decision on Ms. D'Alonzo's motion for reconsideration.

On appeal to the Board, Ms. D'Alonzo argued that, at the time of the designation of beneficiary, Mr. D'Alonzo was not competent to make such an election because he would have been too distraught by the death of his wife. Ms. D'Alonzo also argued that her sister, Ms. Gerrish, forged the designation of beneficiary form. Ms. D'Alonzo argued that Ms. Gerrish had illegally transferred her father's property to herself before, and may have done the same with regard to the lump sum death benefits.

The Board held a telephonic hearing and the administrative judge upheld OPM's denial of Ms. D'Alonzo's application for benefits. The judge held that Ms. D'Alonzo failed to prove by a preponderance of the evidence that she is entitled to death benefits. The judge noted that lump sum death benefits must be distributed in the order of precedence set out in 5 U.S.C. § 8342(c), and found that the form that designated Ms. Gerrish as the beneficiary of Mr. D'Alonzo's lump sum benefit was valid. The judge rejected the argument that Mr. D'Alonzo was not competent when he signed the form because Ms. D'Alonzo did not provide any medical evidence showing that her father lacked the requisite mental capacity at the time. The judge also rejected the argument that Ms. Gerrish had forged the form, and referred to proceedings before the Supreme Court of the State of New York in which Mr. D'Alonzo's transfer of other property to Ms. Gerrish was found to be legal.

Ms. D'Alonzo then filed a Petition for Review before the Board. The Board found that the administrative judge "considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility," and thus denied the petition. *D'Alonzo v. Office of Pers. Mgmt.*, No. NY-0831-10-0245-I-1, slip op. at 2-3 (M.S.P.B. June 14, 2011). The Board declined to consider additional evidence that Ms. D'Alonzo submitted for the first time with her Petition. *Id.* Ms. D'Alonzo now appeals the Board's decision to our court.

We have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has

jurisdiction to adjudicate an appeal is a question of law, which we review *de novo*. *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007).

Ms. D'Alonzo again argues that her sister, Ms. Gerrish, forged Mr. D'Alonzo's designation of beneficiary form or exerted undue influence over her father that caused him to designate Ms. Gerrish as his beneficiary. She contends that Mr. D'Alonzo's decision to remove Ms. Gerrish as a beneficiary on other documents proves he could not have intended to list her as a beneficiary on this form. She submits new evidence that generally describes the phenomenon of elder abuse, which she argues supports her position.[1] Ms. D'Alonzo also argues that the Board erred by failing to consider evidence she submitted for the first time with her Petition for Review.

Ms. D'Alonzo offers no argument, however, that the Board's decision was arbitrary or unsupported by substantial evidence. The Board considered Ms. D'Alonzo's arguments, including that Ms. Gerrish forged her father's designation of benefits form, and found them to be unpersuasive. The Board applied the correct law and considered the record evidence, including the conclusions of the Supreme Court of New York, and held that Ms. D'Alonzo failed to prove her entitlement to lump sum death benefits. The Board properly declined to consider the new material that Ms. D'Alonzo submitted with her Petition for Review because she failed to show that the materials were unavailable before the record was closed. 5 C.F.R. § 1201.115(d)(1).

---

[1]  We decline to consider the materials discussing elder abuse, which Ms. D'Alonzo submitted for the first time in this court, but note that they are of a general nature and contain no information specific to Mr. D'Alonzo or this case.

We have considered Ms. D'Alonzo's arguments on appeal and find them to be without merit. Because Ms. D'Alonzo has not shown that the Board's decision was arbitrary, obtained without procedures required by law, or unsupported by substantial evidence, we affirm.

**AFFIRMED**

Costs

No costs.