NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GENE S. RANA,**
*Petitioner,*

v.

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2011-3148

---

Petition for review of the Merit Systems Protection Board in case no. CH4324100910-I-1.

---

Decided: December 16, 2011

---

GENE S. RANA, of Gurgaon, Haryana, India, pro se.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. With her TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE and REYNA, *Circuit Judges*.

PER CURIAM.

Petitioner, Gene S. Rana, challenges his discharge from active duty and subsequent removal from a civilian position. An administrative judge of the Merit Systems Protection Board ("Board") dismissed Mr. Rana's claim for lack of jurisdiction. The Board affirmed, denying Mr. Rana's petition for review. Mr. Rana now contests that denial. We have considered Mr. Rana's arguments and for the reasons set forth below, we affirm.

I

In 2000, the Department of the Army ("Army") hired Mr. Rana as a military technician. Mr. Rana's Standard Form 50 Notification of Personnel Action required that as a condition of his employment, he had to maintain membership in the Army Guard Selected Reserve ("AGR"). In March 2004, Mr. Rana was released from active duty and transferred to a civilian position.

In August 2005, the Army removed Mr. Rana from his civilian position. The Army attributes this removal to Mr. Rana's failure to maintain membership in the AGR, but Mr. Rana claims it was a retaliatory measure resulting from his whistleblowing activities.

Mr. Rana appealed his removal to the Board, and the parties ultimately settled the matter in September 2007. Mr. Rana was represented by counsel at this time. The settlement agreement stated in pertinent part:

> This agreement was entered into freely and voluntarily and both parties to this agreement fully understand the stated terms of the agreement. Further, *this agreement resolves all disputes, all*

*issues, and all disagreements between the Appellant and the Department of the Army arising out of or connected with the facts upon which this complaint and appeal were based with respect to [Mr. Rana's] civilian employment and shall not affect [his] appeals with regard to his military status* (including actions before, or challenging the decisions of, the Army Board for Correction of Military Records (ABMCR)).

A55 (emphasis added).

Pursuant to the settlement agreement, Mr. Rana agreed to withdraw his appeal in exchange for the receipt of twelve months of back pay. Consequently, on September 18, 2007, an administrative judge dismissed Mr. Rana's appeal and approved and entered the settlement agreement into the record. Mr. Rana did not appeal the decision approving the settlement agreement, and the decision became final in October 2007.

On August 17, 2010, Mr. Rana requested an order under the Whistleblower Protection Act of 1989 ("WPA"), staying alleged agency actions said to have occurred between November 1990 and March 2005. The administrative judge denied the request on August 26, 2010, because Mr. Rana's submissions "failed to produce evidence and argument that . . . would show a substantial likelihood he will prevail on his assertion that the Board has jurisdiction." *Rana v. Dep't of the Army*, No. CH-4324-10-0910-S-1, slip op. at 3-4 (Merit Sys. Prot. Bd. Aug. 26, 2010).

The administrative judge also observed that Mr. Rana's latest appeal failed to identify a federal civilian position before or during his period of active service that might have been impacted by the alleged retaliation he purported to have suffered during his period of active

duty. The administrative judge emphasized that under 5 U.S.C. § 1221, Mr. Rana could request that the Board review a civilian personnel action threatened or taken in reprisal for whistleblowing in violation of 5 U.S.C. § 2302(b), but that the statute did not vest the Board with jurisdiction to stay agency actions impacting Mr. Rana's active military-duty status. The administrative judge also found, *inter alia*, that Mr. Rana had failed to demonstrate that he had exhausted his administrative remedies by filing a WPA complaint with the Office of the Special Counsel ("OSC") before filing the appeal and his allegations did not appear to involve an action directly appealable to the Board.

On August 17, 2010, Mr. Rana again appealed his "untimely discharges" from the AGR and his civilian employment to the Board, alleging that he should have been restored to civilian employment. Mr. Rana made numerous allegations in his appeal form most of which appear to relate to the retaliation he allegedly suffered as a result of his whistleblowing activities – retaliation that he claims culminated in his removal. He also alleged discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and denial of benefits under the Veterans Employment Opportunities Act ("VEOA").

In an August 19, 2010 Acknowledgement Order and November 29, 2010 Order Closing the Record Regarding Jurisdiction, the administrative judge notified Mr. Rana of the jurisdictional issues raised by his appeal and of his burden to prove jurisdiction by preponderant evidence. On December 14, 2010, an administrative judge dismissed the appeal for lack of jurisdiction because Mr. Rana's submissions failed to identify a law, rule, or regulation granting the Board jurisdiction to amend Mr. Rana's active duty military service records, and the Board lacks

authority to review the merits of Mr. Rana's discharge from active duty and membership in the AGR. Furthermore, Mr. Rana failed to allege facts that would vest the Board with jurisdiction over his VEOA and USERRA allegations, and the settlement agreement precluded the Board from exercising jurisdiction over his remaining claims, which arose out of or were connected with the facts upon which his prior complaint and appeal regarding his removal from civilian employment had been based.

The administrative judge also rejected Mr. Rana's claim that he was coerced into signing the settlement agreement due to duress and misrepresentations by the Army in part because Mr. Rana was represented by counsel when he executed the agreement, the settlement agreement stated that the parties "freely and voluntarily" entered into it and "fully underst[oo]d" its terms, and Mr. Rana made no timely attempt to set aside the decision approving the settlement agreement.

Mr. Rana petitioned the full Board for review, claiming, *inter alia*, that he would not have entered the settlement agreement had he been aware of new information recently revealed to him, which he claims the Army withheld. He also argued that his appeal related to the denial of his reinstatement and reemployment. On May 19, 2011, the Board denied the petition because it found no error in the administrative judge's decision to dismiss the appeal for lack of jurisdiction. The Board also determined that the evidence proffered by Mr. Rana was not new or previously unavailable and that Mr. Rana had failed to establish a misrepresentation by the Army sufficient to set aside the settlement agreement.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Mr. Rana challenges the Board's denial of his petition for review of a decision dismissing his appeal for lack of jurisdiction. The Board grants a petition for review when significant new, previously unavailable evidence is presented or when the administrative judge based his decision on an erroneous interpretation of law or regulation. 5 C.F.R. § 1201.115. We must affirm the Board's decision to deny Mr. Rana's petition unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

We review a determination of the Board's jurisdiction *de novo*. *See Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007). The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a). As the petitioner, Mr. Rana bears the burden of proving by preponderant evidence that the Board has jurisdiction. 5 C.F.R. § 1201.56(a)(2).

We find that the Board properly denied Mr. Rana's petition for review and affirmed the dismissal of his appeal. The administrative judge twice notified Mr. Rana of the jurisdictional issues raised by his appeal, but Mr. Rana failed to submit information that would vest the Board with jurisdiction over his claims that could not have been raised in connection with his earlier appeal. Mr. Rana's claims that arise out of or are connected with the facts on which the complaint relating to his removal were based are precluded by the settlement agreement into which he freely and voluntarily entered in 2007.

Once a settlement agreement resolves a basic controversy regarding a discharge, "there is no case or controversy touching the discharge and over the merits of which

either the [Board] or this Court might exercise jurisdiction." *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982). "A waiver of appeal rights in a settlement agreement is enforceable and not against public policy if the terms of the waiver are comprehensive, freely made, and fair, and execution of the waiver was not the result of duress or bad faith on the part of the agency." *Lawrence v. Office of Personnel Mgt.*, 108 M.S.P.R. 325, 328 (2008), *aff'd*, 318 F. App'x 895 (Fed. Cir. 2008).

Here, the settlement agreement resolves "all disputes, all issues, and all disagreements between [Mr. Rana] and the [Army] arising out of or connected with the facts upon which this complaint and appeal were based with respect to his civilian employment claims." This broad waiver encompasses the instant claims relating to his removal. The record shows that Mr. Rana was represented by counsel when he entered into it. Furthermore, Mr. Rana accepted twelve months of back pay pursuant to the settlement agreement and made no timely attempt to set aside the decision approving it and entering it into the record. There are no facts that indicate he did not freely or voluntarily enter into the agreement or not understand its terms. As such, the settlement agreement is enforceable and precludes Mr. Rana from pursuing claims relating to his removal.

To the extent Mr. Rana's appeal can be construed as a challenge to the validity of the Board-approved settlement agreement, such an attack must be made via a petition for review of the initial decision dismissing the appeal as settled. *See Carlson v. Gen. Servs. Admin.* 101 M.S.P.R. 70, 72 (2006). A petition for review must be filed within 35 days of the issuance of an initial decision or if the initial decision was not received more than five days after the date of issuance, within 30 days of the date the petitioner received the decision. 5 C.F.R. § 1201.114(d); *Carlson*, 101

M.S.P.R. at 72. Because Mr. Rana did not timely appeal the decision approving the settlement agreement, the decision became final in October 2007 and is fully enforceable. As to Mr. Rana's contention that the Army withheld evidence that warrants invalidating the settlement agreement, Mr. Rana failed to adequately explain why he could not have obtained this information prior to execution of the settlement agreement and has not established a misrepresentation by the Army sufficient to invalidate the settlement agreement.

We have considered Mr. Rana's additional arguments made on appeal and find that they provide no basis for relief. For the foregoing reasons, we affirm.

## AFFIRMED

### COSTS

No costs.