NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FERNANDO SOLIS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF HOMELAND SECURITY,**
*Intervenor*

---

2016-1726

---

Petition for review of the Merit Systems Protection Board in No. DA-3443-14-0065-B-1.

---

Decided: July 12, 2017

---

DARRIN WAYNE GIBBONS, Gibbons Law Firm PLC, Richmond, VA, argued for petitioner.

JEFFREY GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for intervenor. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

───────────────────

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Fernando Solis appeals the Merit Systems Protection Board's (Board) conclusion that it lacked jurisdiction to review U.S. Customs and Border Protection's (CBP) non-selection of Mr. Solis for positions as a Customs and Border Protection Officer (CBPO) and a Border Patrol Agent (BPA). *Solis v. Dep't of Homeland Sec.*, No. DA-3443-14-0065-B-1, 2016 WL 308675 (M.S.P.B. Jan. 21, 2016). Although CBP extended tentative offers for these law enforcement positions to Mr. Solis, it rescinded these tentative offers when he failed a polygraph examination. J.A. 2. Generally, an unsuccessful candidate for a Federal civil service position has no right to appeal to the Board his non-selection. However, where a hiring agency undertakes a "suitability action" that could broadly preclude hiring the candidate for any position at the agency, the candidate may appeal that action to the Board. Mr. Solis argued below that he was subjected to an appealable "suitability action," as defined in 5 C.F.R. § 731.203. CBP disagreed, contending that its non-selection of Mr. Solis for these two positions was simply an "objection to an eligible" under 5 C.F.R. § 332.406, which is not appealable.

After conducting a jurisdictional hearing that included testimony from Mr. Solis and several CBP officials, the Board concluded Mr. Solis's non-selection did not amount to a suitability action. Because substantial evidence supports the Board's fact finding, we agree with the Board

that it lacked jurisdiction to review CBP's non-selection of Mr. Solis for the two positions at issue, and therefore affirm the Board's denial of Mr. Solis's petition for review.

BACKGROUND

In July 2008, Mr. Solis was appointed by CBP to a BPA position. In June 2010, however, CBP terminated his appointment before the end of his two-year probationary period, after he was arrested for driving while intoxicated. Mr. Solis reapplied for essentially the same BPA position the following month in July 2010, and CBP tentatively selected Mr. Solis for that position in March 2011. Mr. Solis underwent additional pre-employment screening measures, including a polygraph examination in August 2012, but he failed the polygraph examination based on his answers to questions related to past drug use. CBP then withdrew his tentative selection due to "criminal or dishonest conduct" based on his failed polygraph examination. Meanwhile, CBP had also tentatively selected Mr. Solis in 2012 for a CBPO position, but CBP also withdrew that tentative selection in light of the same failed polygraph examination.

Mr. Solis appealed his non-selections for those two positions to the Board, arguing that CBP subjected him to a Board-reviewable "suitability action." His case underwent two rounds of review before an Administrative Judge (AJ) and the Board. In the first round before the AJ, the AJ dismissed Mr. Solis's appeal for lack of jurisdiction, but the Board remanded to the AJ for a jurisdictional hearing to resolve factual ambiguities in the documentary evidence concerning CBP's actions in withdrawing the tentative selections.

In the second round before the AJ, the AJ heard testimony from Mr. Solis and four CBP witnesses. Mr. Solis testified that he was previously employed as a BPA, but was removed in 2010. Soon after his removal, he reapplied with CBP for the BPA and CBPO positions. Mr.

Solis further testified that his tentative selections for the BPA and CBPO positions were withdrawn, however, after Mr. Solis failed the August 2012 polygraph examination.

The four CBP witnesses included two witnesses from the Applicant Operations Branch for the Personnel Security Division for Internal Affairs (PSD), Brian Staples and Terry Brown, and two non-PSD witnesses, John Schwartz, a former Director of the Credibility Assessment Division, and Wendy Rohleder, a Supervisory Human Resources Specialist. These witnesses testified that CBP processed each of Mr. Solis's applications as a "nonselection based on an objection to an eligible" pursuant to 5 C.F.R. § 332.406 ("Objections to eligibles").

Mr. Staples and Mr. Brown testified that PSD issued a December 3, 2012 internal memorandum to the Human Resources office relating to Mr. Solis's pending applications for employment with CBP. Neither Mr. Staples nor Mr. Brown could explain why the memorandum used the term "unfavorable suitability determination" or why it referenced "all" CBP employment. They each explained that the memorandum was based on a "template" used at the time to notify human resources of a failed polygraph. Mr. Staples explained that his office—the Personnel Security Division—was responsible for taking suitability actions but it had not taken one against Mr. Solis, as that would require a different procedure, which could involve a Notice of Proposed Action and an opportunity to mitigate any serious derogatory information. He explained that the Credibility Assessment Division administered polygraphs, and PSD transmitted the results of a failed polygraph to human resources personnel.

Mr. Schwartz testified that the Anti-Border Corruption Act of 2010, 6 U.S.C. § 221, made polygraph examinations mandatory for all law enforcement positions, and CBP uses the same polygraph for three years rather than administer a new one each time an applicant applies for

another position.  Ms. Rohleder testified that when CBP's Human Resources office received PSD's December 3, 2012 memorandum, it processed each of Mr. Solis's applications as an objection to an eligible and sent to Mr. Solis a separate withdrawal letter for each position.  She confirmed that PSD, not the Human Resources office, was responsible for taking suitability actions.

The AJ found that CBP's withdrawals of the two tentative job offers were not suitability actions within the Board's jurisdiction to review.  The AJ instead concluded that the CBP's actions were each better understood as an "objection to an eligible," which per the regulations, are not actions that an applicant may appeal to the Board.

The Board recognized that the December 3, 2012 PSD memorandum has a subject line of "Unfavorable Suitability Determination," in reference to "All CBP Federal Employment."  But PSD's memorandum also specifically stated the information regarding "[c]riminal or dishonest conduct" "is provided for [Human Resources'] action in processing an Objection to an Eligible."  The memorandum further underscored that Mr. Solis "is not entitled to MSPB appeal rights."  The Board found that the "text of that memorandum suggest[ed] that a suitability determination had not yet been made, but could be, if necessary." J.A. 4.  It found that the memorandum was "internally inconsistent," but that "such inartful references to suitability do not transform [Mr. Solis's] nonselection into an appealable suitability action."  J.A. 4–5.  The Board credited the testimony of the CBP witnesses, and ultimately agreed with the AJ that CBP did not take a suitability action, but it instead processed each of Mr. Solis's applications as an objection to an eligible.[1]

---

[1]   Because the Board found that Mr. Solis did not meet his jurisdictional burden, it did not address his

In Mr. Solis's appeal, he accepts that the Board lacks jurisdiction to review a non-selection of an applicant for a specific position, i.e., an objection to an eligible, but he contends that CBP found him unsuitable for all federal employment under 5 C.F.R. § 731.202, and, in his view, CBP did not merely choose to not select Mr. Solis for two positions. He also argues that the Board lacked substantial evidence to support its findings because the AJ's initial decision did not identify all material issues of fact and law and resolve issues of credibility.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I.

"Our review of a decision of the [B]oard is circumscribed by statute." *Hicks v. Merit Sys. Prot. Bd.*, 819 F.3d 1318, 1319 (Fed. Cir. 2016). "We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Wrocklage v. Dep't of Homeland Sec.*, 769 F.3d 1363, 1366 (Fed. Cir. 2014).

"Whether the Board has jurisdiction to adjudicate an appeal is a question of law that we review de novo." *Stoyanov v. Dep't of Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007). The petitioner "has the burden of establishing the Board's jurisdiction by a preponderance of the evidence." *Id.* "[W]e are bound by the AJ's factual determinations unless those findings are not supported by substantial

---

arguments on whether he should have been subjected to a pre-employment background investigation or polygraph examination given his prior federal employment.

evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Wrocklage*, 769 F.3d at 1366.

## II.

The Board found that Mr. Solis's non-selections for the two CBP positions were not appealable "suitability actions" under 5 C.F.R. § 731.203. It instead found that Mr. Solis's non-selection for each position was based on an "objection to an eligible" under 5 C.F.R. § 332.406, which is not appealable to the Board. Mr. Solis contends that his case should be considered a "suitability action" rather than an "objection to an eligible."

As an initial matter, "[t]he Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a)). "An agency's failure to select an applicant for a vacant position is generally not appealable to the Board." *Id.* "Thus, claims of unlawful conduct in the selection process ordinarily must be brought before other forums." *Id.* Mr. Solis contends that the general rule that the Board lacks jurisdiction over a claim of non-selection does not apply, however, because under 5 C.F.R. § 731.501(a), the Office of Personnel Management has granted jurisdiction to the Board to review cases in which an agency takes a "suitability action" against an applicant. 5 C.F.R. § 731.501(a).

A "suitability action" is an "[a]ction based on suitability determinations," 5 C.F.R. § 1201.3, taken by an authorized agency against an individual, which can include removal, debarment, cancellation of eligibility, or cancellation of reinstatement eligibility, § 731.203. An agency can take a "suitability action" against an individual if it finds that the individual is "unsuitable" for employment based on the "[c]riteria for making suitability determina-

tions," set forth in § 731.202(b), which include "[c]riminal or dishonest conduct." § 731.203(c). A "suitability determination" "relate[s] to an individual's character or conduct that may have an impact on the integrity or efficiency of the service." § 1201.3. When an agency "takes a suitability action against a person, that person may appeal the action to the [Board]." § 731.501(a).

The "suitability action" regulation itself—5 C.F.R. § 731.203—draws a clear distinction, however, between a "suitability action" and an "objection to an eligible." Specifically, § 731.203(b) provides that "[a] non-selection, or cancellation of eligibility for a specific position based on an objection to an eligible . . . under 5 C.F.R. [§] 332.406 is not a suitability action even if it is based on reasons set forth in § 731.202."

The regulation entitled "Objection to eligibles"—5 C.F.R. § 332.406—provides that "[a]n agency is not required to consider an individual for a position" and may make an "objection" against an individual for that position if that objection "is based on a proper and adequate reason," § 332.406(b). One proper reason for an agency's objection to an eligible is the "[c]riteria for making suitability determinations" under § 731.202(b). § 332.406(b); *see also* § 731.203(b) (explaining that an objection to an eligible may be "based on reasons set forth in § 731.202"). Finally, an agency's "objection to an eligible" is "not appeal[able] to the [Board]," "irrespective of the reason for the decision." § 332.406(g).

These regulations thus create a somewhat confusing arrangement in which the same "suitability *determination*" criteria can be a sufficient basis for a hiring agency to render either a "suitability action" (which can broadly bar an applicant from applying to any and all positions at the agency) or an "objection to an eligible" (which applies to an applicant for solely the specific, applied-for position). *Compare* § 731.203(a), *with* § 332.406(b). For an appli-

cant who wishes to appeal his non-selection, which of these two actions the hiring agency takes matters because a "suitability action" is appealable to the Board but an "objection to an eligible" is not. Compounding the confusion is the need to appreciate the subtle but important distinction between the similarly worded "suitability determination" and "suitability action." As described above, the regulations provide that the criteria for making a suitability determination can be a basis for rendering a suitability action as well as used for making an objection to an eligible.

Despite the potential in the regulations for blurring the distinction between suitability actions and objections to an eligible, Mr. Solis does not challenge the legality of these regulations, nor does he argue that an "objection to an eligible" should be appealable. *E.g.*, Appellant Br. 4; *see also* Oral Arg. 43:12–43:50. Mr. Solis instead limits his argument to challenging the Board's factual findings that CBP's non-selection of Mr. Solis for the two positions at issue here were objections to an eligible instead of suitability actions. Appellant Br. 4. We thus confine our focus to whether CBP permissibly applied the regulations to his case.

## III.

The Board agreed with Mr. Solis that the documents in the record "repeatedly discuss [his] failed polygraph examination as resulting in a determination that he was 'unsuitable.'" J.A. 4. The Board also pointed out, however, that the same documents state that Mr. Solis is not entitled to MSPB appeal rights and refer to rescinding his tentative offers based on "[o]bjections to eligibles," which are a reference to 5 C.F.R. § 332.406. J.A. 4, 21, 126–27. The Board recognized that the December 3, 2012 memorandum was "internally inconsistent," but such "inartful references to suitability do not transform [his] nonselection into an appealable suitability action." J.A. 4–5.

We agree with the Board that the references in the record to a suitability determination do not require a finding that CBP necessarily took a Board-reviewable suitability action because the regulations expressly provide that the criteria for making suitability determinations under § 731.202 can be the basis for a hiring agency to make either a suitability action or an unreviewable objection to an eligible. The documents in evidence are ambiguous because they could have referred to a suitability action or an objection to an eligible.

PSD's December 3, 2012 memorandum, for example, states that "[a]n unfavorable suitability determination has been rendered for [Mr. Solis] based on the following suitability factor(s): Criminal or dishonest conduct" and has a subject line of "Unfavorable Suitability Determination." J.A. 21. These references to an unfavorable suitability determination are consistent with CBP taking a "suitability action," but they are also consistent with CBP making an "objection to an eligible" based on the criteria for making suitability determinations. Although the memorandum refers to "All CBP Federal Employment," it does not refer to a "suitability action." Furthermore, the memorandum also states that "this information is provided for your action in processing an Objection to an Eligible," and it states in all capital letters that "[Mr. Solis] is not entitled to MSPB appeal rights." J.A. 21. The latter references support a finding that CBP processed each of Mr. Solis's applications as an "objection to an eligible" based on the criteria for making suitability determinations rather than taking a "suitability action" against Mr. Solis. Given this ambiguity, the Board properly remanded to the AJ for a jurisdictional hearing to clarify the meaning of the documents. J.A. 2.

At the jurisdictional hearing, the CBP witnesses testified that CBP did not take a suitability action against Mr. Solis and thus did not preclude Mr. Solis from seeking any employment with the agency. J.A. 4, 782. The AJ

explained that "[w]hile the agency's December 3, 2012 letter referred to eligibility for all CBP positions and cited a suitability criteria as the basis, [Ms.] Rohleder's undisputed testimony establishes that the letter was actually processed as an objection to an eligible under § 332.406 and the agency's actions were limited to withdrawing the tentative offers." J.A. 782. The AJ found that the totality of the record established that CBP's actions did not rise to a suitability action, and CBP did not cancel Mr. Solis's eligibility or debar him from employment. *Id.*

The Board agreed with the AJ, finding that CBP's documents "failed to carefully differentiate between suitability and nonselection when discussing the results of [Mr. Solis's] polygraph and the action that followed." J.A. 5. Nevertheless, it found that the "officials responsible for rescinding [his] tentative job offers and processing suitability actions, generally, provided undisputed testimony that [CBP] did not make a suitability determination." J.A. 5.

We agree that the AJ reasonably resolved witness credibility to find that CBP processed each of Mr. Solis's applications as an "objection to an eligible" rather than taking a "suitability action" against him. An AJ's credibility determinations are virtually unreviewable. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986) ("To the extent that the petitioner's claim is based upon a challenge to the presiding official's credibility determinations, we reiterate our previous holdings that these determinations are virtually unreviewable."). In a situation like this, where there are conflicting statements in the record that do not make only one finding on a point reasonable and the AJ finds witness testimony to be credible and persuasive, it is not our role under the substantial evidence standard to re-weigh the evidence and testimony anew.

Mr. Solis argues that the testimony of the PSD witnesses (Mr. Staples and Mr. Brown) contradicted the documentary record. These witnesses testified that the December 3, 2012 memorandum was a "template" and not a "suitability determination," which Mr. Solis contends conflicts with Mr. Brown's sworn declaration that Mr. Solis "was found to have a significant response to the suitability questions on the polygraph exam that resulted in a failed examination and was found unsuitable for employment per [5 C.F.R. § 731.202(b)(2)] 'Criminal or Dishonest Conduct.'" J.A. 72, 713. But this testimony does not show that CBP took a "suitability action" because § 332.406(b) expressly permits CBP to make an "objection to an eligible" by using the § 731.202 criteria for making a "suitability determination." Mr. Brown's reference to § 731.202 is thus consistent with CBP's position that it made an "objection to an eligible" under § 332.406(b), and Mr. Solis does not challenge the legality of these regulations. Appellant Br. 4.

Mr. Solis also argues that Mr. Staples admitted that the December 3, 2012 memorandum applied to "whatever position [he] applied for," J.A. 721, and Mr. Brown admitted that the memorandum applied to all CBP employment by agreeing that it was "an actual unsuitable memo from an actual unfavorable determination," J.A. 730. Mr. Brown, however, clarified that this memorandum applied only to positions for law enforcement officers, for which "passing the polygraph is an actual condition of employment." J.A. 730. The Anti-Border Corruption Act of 2010 requires that "all applicants for law enforcement positions with [CBP] . . . receive polygraph examinations before being hired for such a position." 6 U.S.C. § 221(a). Although Mr. Brown could not explain why the December 3, 2012 memorandum was written as if it applied to "all" CBP positions rather than just law enforcement officer positions, he did clarify that the memorandum was a template. The AJ found that CBP did not bar Mr. Solis

from any and all employment, including non-law enforcement positions for which a polygraph may not be necessary. The AJ also found that although the use of the same polygraph examination results for three years may have effectively prevented Mr. Solis from being appointed to a law enforcement position, CBP did not cancel his eligibility or debar him because he in fact could and did reapply to subsequent BPA positions. The AJ also credited Ms. Rohleder's undisputed testimony that she processed each of his applications as an objection to an eligible under § 332.406.

Mr. Solis responds that the testimony of the non-PSD witnesses (Mr. Schwartz and Ms. Rohleder) was irrelevant because PSD has sole responsibility for taking suitability actions. J.A. 411. He argues that he received a pre-employment investigation by PSD, but the AJ allowed non-PSD witnesses to corroborate the testimony of PSD witnesses. We disagree that the testimony of the non-PSD witnesses was irrelevant. Mr. Schwartz's testimony provided context for why polygraphs were necessary for applicants to law enforcement officer positions. He also testified regarding Mr. Solis's actual polygraph. Ms. Rohleder testified that her office received the December 3, 2012 memorandum, it processed each of Mr. Solis's applications as an objection to an eligible under § 332.406, and it sent a separate withdrawal letter to Mr. Solis for each of the positions to which he had applied. This testimony was relevant to show how CBP processed Mr. Solis's actual applications for the two positions at issue.

We find that even though the documentary evidence and witness testimony could be ambiguous, substantial evidence supports the Board's finding that CBP processed each of Mr. Solis's applications as an objection to an eligible under § 332.406. The Board properly determined that it lacked jurisdiction to review CBP's non-selection of Mr. Solis based on an objection to an eligible for the two positions at issue.

IV.

We also note that Mr. Solis references—but only in a very brief passing reference in the conclusion sections of his opening and reply briefs—that CBP took a "constructive" suitability action against him. Appellant Br. 21; Reply Br. 10. CBP responds that Mr. Solis waived any "constructive suitability" argument because he raised the argument only in passing and provided no supporting argument. Intervenor Br. 44.

We agree that Mr. Solis waived any argument relating to a "constructive" suitability action. The Board did not mention a constructive suitability action, J.A. 1–6, and Mr. Solis only mentions it in the briefest, most conclusory way to us with no development or support. *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1377 n.17 (Fed. Cir. 2014) ("We note, moreover, that, because Google only mentions this point in passing, with no development of an argument in support of it, under our case law, it has not been properly raised."). Mr. Solis does not explain what he means by a constructive suitability action. To the extent that Mr. Solis is arguing that his non-selections were a suitability action because CBP used suitability criteria to non-select him, the regulations authorize the use of suitability criteria as a basis for an agency's objection to an eligible, as we explain above, and he does not challenge these regulations. Alternatively, to the extent that Mr. Solis is suggesting that his two non-selections based on the same polygraph examination collectively amount to a pattern of agency action designed to block him from any and all employment at CBP, we see no evidence of him making this argument to the Board. Therefore, Mr. Solis waived this argument.

CONCLUSION

We affirm the Board's finding that it lacked jurisdiction to review CBP's non-selection of Mr. Solis for two

positions based on an objection to an eligible under the applicable regulations.

## **AFFIRMED**

Costs

No costs.