NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANA B. GRIESBACH,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2017-1510

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-16-0076-W-1.

---

Decided: August 9, 2017

---

DANA B. GRIESBACH, Tuscaloosa, AL, pro se.

ISAAC B. ROSENBERG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH M. HOSFORD, ROBERT E. KIRSCHMAN, JR., CHAD A. READLER.

---

Before MOORE, SCHALL, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Dana Griesbach appeals from a Merit Systems Protection Board ("Board") decision denying her request for corrective action pursuant to the Whistleblower Protection Act ("WPA"). For the reasons discussed below, we *affirm*.

## BACKGROUND

Ms. Griesbach was appointed to the position of Nurse Practitioner at the Tuscaloosa Veterans Administration ("VA") Medical Center in August 2008. She worked in the mental health unit, treating patients admitted to the center's homeless domiciliary unit. In September 2014, the VA announced a vacancy for the position of Certified Registered Nurse Practitioner ("CRNP") in Research and Development Service, to which Ms. Griesbach applied. Ms. Griesbach interviewed for the position, but she was not selected.

Ms. Griesbach filed a complaint with the Office of Special Counsel ("OSC") on March 14, 2015, alleging whistleblower retaliation by the VA when it did not select her for the CRNP research position and because it allegedly filed an anonymous complaint against her license to the Alabama Board of Nursing. On August 27, 2015, the OSC informed Ms. Griesbach that it had terminated its inquiry into her whistleblower retaliation claim and notified her of her right to seek corrective action from the Board.

Ms. Griesbach filed an individual right of action ("IRA") appeal to the Board, alleging the VA retaliated against her for protected disclosures. She alleged she raised concerns to all levels of management regarding a deficit in needed medical services in the mental health unit and that a number of these disclosures were made at open forum meetings. Among other arguments, she asserted the VA changed the job description for the CRNP

research position after she applied, which gave the select-ee preferential treatment.

On November 2, 2015, the Administrative Judge ("AJ") notified the parties of the requirements to establish Board jurisdiction over Ms. Griesbach's IRA appeal. After Ms. Griesbach submitted a response and the VA replied, the AJ issued an order closing the record on January 14, 2015. The AJ determined Ms. Griesbach had exhausted her administrative remedies before the OSC. The AJ determined Ms. Griesbach made non-frivolous allegations that she made protected disclosures that were a contributing factor in the VA's selection decision, but that she failed to make a non-frivolous allegation that the VA retaliated when someone filed an anonymous complaint against her with the Alabama Board of Nursing.

In the Initial Decision, the AJ considered Ms. Griesbach's assertions that she made protected disclosures when she informed her supervisors, Rebecca Meyer and Carlos Berry, that she was seeing patients that "were more complex than [her] scope of practice," when she informed the director of the facility, Maria Andrews, that the "Center was circumventing the screening process for patients," and when she informed Ms. Meyer that she "overloaded patient admissions with insufficient coverage." The AJ found Ms. Griesbach failed to prove that she made a protected disclosure that she reasonably believed evidences a violation of any law, rule, or regulation or a substantial and specific danger to public health or safety. The AJ found that even if Ms. Griesbach's disclosures were protected, she failed to establish that her whistleblowing activity was a contributing factor to her non-selection for the CRNP research position because there was no evidence that Dr. Lori Davis, the selecting official, knew of the disclosures. Because the AJ determined Ms. Griesbach failed to establish a prima facie case of whistleblower retaliation, it did not reach whether the VA would have taken the same

personnel action in the absence of any protected disclosure under 5 U.S.C. § 1221(e)(2).

Ms. Griesbach petitioned for review of the Initial Decision. By order dated January 5, 2017, the AJ's Initial Decision became the final decision of the Board pursuant to 5 C.F.R. § 1200.3(b). Ms. Griesbach appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm a final decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). Whether the Board has jurisdiction over an appeal is a question of law we review de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

Under the WPA, an agency employee with authority to take a "personnel action" against a government employee or applicant for employment may not do so in retaliation for certain protected disclosures. *See* 5 U.S.C. § 2302(b)(8)(A). In particular, a personnel action may not be taken "because of any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety . . . ." *Id.* The Board will order corrective action if the employee or applicant demonstrates that the protected disclosure was a "contributing factor" in the personnel action. 5 U.S.C. § 1221(e). An employee or applicant may

make this showing through circumstantial evidence, such as evidence that "the official taking the personnel action knew of the disclosure or protected activity" and "the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action." *Id.* But corrective action may not be ordered after such a showing if "the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure." *Id.* § 1221(e)(2).

On appeal, Ms. Griesbach argues her disclosures indicate "consistent management disregard for facility policy and the standard of care." Pet'r. Br. at 2. She argues facility policy and the standard of care comprise directives and guidelines governing the medical practice of all health care providers and the supporting obligations of management. She argues the violations of these regulations meet the requirements for protected disclosures.

Substantial evidence supports the Board's findings that Ms. Griesbach failed to identify any law, rule, or regulation being violated and failed to offer evidence that her statements clearly implicated an identifiable violation of law, rule, or regulation. The Board found that Ms. Griesbach's disclosures regarding seeing patients more complex than her scope of practice, the circumvention of screening processes for patients, and being overloaded with patient admissions fail to identify any law, rule, or regulation that has been violated. The WPA's requirement that an employee identify a specific law, rule, or regulation "does not necessitate the identification of a statutory or regulatory provision by title or number, when the employee's statements and the circumstances surrounding the making of those statements clearly implicate an identifiable violation of law, rule, or regulation." *Langer v. Dep't of the Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001). However, substantial evidence

supports the Board's finding that Ms. Griesbach's disclosures fail to clearly implicate an identifiable violation of law, rule, or regulation.

Ms. Griesbach also argues her disclosures evidence a substantial and specific danger to public health or safety, especially in light of her email describing concerns for managing medically complex patients as the sole medical provider in the 48-bed homeless domiciliary unit. She argues the Board's decision inferred that because there was disagreement among the health care providers over patient stability or because no harm befell a patient admitted to the domiciliary, her concerns were exaggerated and her disclosures were unprotected. She argues the decision did not account for "the unpredictable nature of complex medical issues, the limiting confines of the practice setting, and the admonition to 'do no harm.'" Pet'r. Br. at 4.

Even if Ms. Griesbach's disclosures did evidence a substantial and specific danger to public health or safety, Ms. Griesbach failed to establish that the protective disclosures were a contributing factor to the personnel action. Substantial evidence supports the Board's finding that Ms. Griesbach failed to prove Dr. Davis knew of the disclosures. The Board credited Dr. Davis's declaration denying knowledge of Ms. Griesbach's alleged protected disclosures. It credited Dr. Davis's declaration that when she arrived late to an open forum meeting, screening irregularities and coverage issues were not being discussed. The Board explained that Ms. Griesbach's emails regarding patient safety and quality of care were not sent to Dr. Davis, even though they were addressed to several individuals, and it credited Dr. Davis's declaration that her supervisor, Dr. Schnier, did not influence her selection.

In addition to challenging the Board's denial of corrective action, Ms. Griesbach argues the Board erred in

excluding her whistleblower retaliation claim based on the filing of an anonymous complaint against her license to the Alabama Board of Nursing. For IRA appeals, "the Board's jurisdiction is established by nonfrivolous allegations that the [employee] made a protected disclosure that was a contributing factor to the personnel action taken or proposed." *Johnston*, 518 F.3d at 909 (quoting *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1382 (Fed. Cir. 2007)). We see no error in the Board's decision to exclude Ms. Griesbach's claim based on the anonymous complaint because, as the AJ noted in the order closing the record, such a complaint is not a personnel action as defined by 5 U.S.C. § 2302(a)(2).

For the foregoing reasons, we affirm the Board's decision. We have considered Ms. Griesbach's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**

COSTS.

No costs.