NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MITCHELL WINE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2020-1006

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-19-0363-W-1.

---

Decided: May 21, 2020

---

MITCHELL WINE, Mountain View, AR, pro se.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before PROST, *Chief Judge,* REYNA and HUGHES, *Circuit Judges.*

PER CURIAM.

Mitch Wine petitions for review of the Merit Systems Protection Board's dismissal of his individual right of action appeal for lack of jurisdiction. Because Mr. Wine did not make non-frivolous allegations of a "personnel action" taken against him, we affirm the Board's decision.

I

The United States Fish and Wildlife Service (FWS) employed Mr. Wine from 2003 to 2018. In February 2016, Mr. Wine filed a complaint (MA-16-2281) with the Office of Special Counsel (OSC), alleging that FWS supervisors retaliated against him for making certain protected disclosures. In July 2016, OSC informed Mr. Wine that it had terminated its investigation of these allegations, and Mr. Wine filed an individual right of action (IRA) appeal with the Board. *See Wine v. Dep't of the Interior*, No. DA-1221-16-0513-W-2, 2017 MSPB LEXIS 5121 at *13 (M.S.P.B. December 5, 2017) (*2017 IRA Decision*).

In the fall of 2016, Mr. Wine filed a second OSC complaint (MA-17-0509, "Fall 2016 complaint") detailing additional disclosures. *See id.* at *14. Mr. Wine's designated representative requested those claims be added to the pending IRA appeal, so OSC terminated its investigation in March 2017. *See Wine v. Dep't of the Interior*, No. DA-0752-18-0116-S-7, 2019 MSPB LEXIS 1869 at *3–4 (M.S.P.B. May 31, 2019) (finding that OSC had closed the 2016 complaint, exhausting those issues, and that an IRA appeal based on that complaint would be untimely). The Board appears to have partly considered that second complaint in Mr. Wine's IRA appeal, but found certain allegations not exhausted before OSC. *2017 IRA Decision* at *18–19, *20 n.2, *43 n.6, *51 n.9, *92 n.12. Ultimately, the Board denied Mr. Wine's request for corrective action because it found that FWS would have taken the same actions absent his whistleblowing. *Id.* at *97.

In December 2017, FWS removed Mr. Wine and he appealed the removal.  Mr. Wine eventually entered into a settlement agreement with FWS, which the Board approved as the final resolution of the appeal in April 2018. *Wine v. Dep't of the Interior*, No. DA-0752-18-0116-I-1, 2018 MSPB LEXIS 1541 (M.S.P.B. April 30, 2018).

In January 2018, while that appeal was pending, Mr. Wine contacted OSC seeking "reconsideration" of his Fall 2016 (MA-17-0509) complaint.  S.A. 44.[1]  Mr. Wine believed this was necessary to cure his failure to exhaust allegations in his original IRA appeal.  *Id.*  OSC purportedly agreed to reevaluate the complaint, but Mr. Wine, dissatisfied with a perceived lack of follow-up or action, in June 2019, filed the IRA appeal petitioned here.  *Id.  See Wine v. Office of Special Counsel*, No. DA-1221-19-0363-W-1, 2019 MSPB LEXIS 2747 (M.S.P.B. July 29, 2019) (*Decision*).  He alleges that OSC retaliated against him in violation of 5 U.S.C. § 2302 by failing to complete an investigation of the Fall 2016 complaint and by failing to "reconsider" that complaint in 2018.  S.A. 44.

II

In the petitioned IRA appeal, OSC moved for a jurisdictional determination, arguing that the Board lacked jurisdiction because Mr. Wine "failed to nonfrivolously allege: (1) that OSC subjected him to an appealable action; or (2) that OSC subjected him to a covered personnel action in retaliation for his protected whistleblowing activity." *Decision* at *2–3.  The Administrative Judge ordered Mr. Wine to show cause why the IRA appeal should not be dismissed for lack of jurisdiction, directing Mr. Wine to explain in particular how "OSC's investigations or

---

[1]    "S.A." refers to the pages of the respondent's supplemental appendix attached to the respondent's brief.

prosecutorial decisions were personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A)." *Decision* at *3.

Mr. Wine argued that OSC's failure to investigate qualified as a personnel action under § 2302(a)(2)(A)(xii) because it "effectuated a 'significant change in working conditions' for [Mr. Wine] by allowing FWS managers to dismiss harassment grievances against themselves and interfere with [Mr. Wine's] Workers' Compensation claim to have it denied unlawfully." *Decision* at *4 (quoting S.A. 45, itself quoting § 2302(a)(2)(A)(xii)). Mr. Wine argued that OSC's actions were a prohibited personnel practice in violation of § 2302(b)(12) because, in his view, OSC had an obligation to investigate his claims under 5 U.S.C. § 1214(a), and not doing so would violate his due process rights. *Decision* at *4–5.

The Administrative Judge rejected these arguments, holding that the Board has no authority to enforce OSC's statutory requirements to investigate allegations of whistleblower reprisal. *Decision* at *5–6 (citing *Wren v. Merit Sys. Prot. Bd.*, 681 F.2d 867, 871–72, (D.C. Cir. 1982); *Miller v. Dep't of Homeland Sec.*, 111 M.S.P.R. 325, 332–33 (2009)). The Administrative Judge explained that "[OSC's] investigations and decisions are not personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A), even though they may be of interest to [Mr. Wine] and to his career with FWS." *Decision* at *6.

Mr. Wine did not petition for appeal to the full Board. The Administrative Judge's initial decision became the Board's final decision and Mr. Wine timely petitioned this Court for review. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(B) and 28 U.S.C. § 1295(a)(9).

## III

We set aside a final Board decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures

required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). We review the Board's determination that it lacks jurisdiction without deference. *Id.* However, we review the underlying factual findings on which a jurisdictional determination is based for substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The petitioner, Mr. Wine, bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Stoyanov v. Dep't of Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007).

We find no error in the Board's dismissal for lack of jurisdiction. "The Board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule, or regulation." *Id.* To establish the Board's jurisdiction over an IRA appeal, petitioners must identify non-frivolous allegations that (1) they engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. §§ 2302(b)(8), (b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Id.* at 1379–80; *see* 5 U.S.C. § 1221(a). "[N]ot every agency action is a 'personnel action' under the WPA." *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998). We agree with the Board that Mr. Wine has not sufficiently alleged a "personnel action as defined by 5 U.S.C. § 2302(a)." *Stoyanov*, 474 F.3d at 1380.

Mr. Wine alleged that OSC took a personnel action under the "catch-all" provision, 5 U.S.C. § 2302(a)(2)(A)(xii), by failing to investigate his complaint. *See* S.A. 45. To establish a personnel action under this provision, Mr. Wine would have to identify a "significant change in duties, responsibilities, or working conditions" caused by OSC's allegedly improper inaction. § 2302(a)(2)(A)(xii). The circumstances here preclude any reasonable allegation

that OSC's failure to investigate created a "significant change" in Mr. Wine's working conditions. Because Mr. Wine did not work for OSC, OSC had no direct authority to change Mr. Wine's working conditions. Claims that OSC's actions can cause a "significant change" in Mr. Wine's working conditions—when he was employed by FWS, not OSC—rest on a dubious foundation.

Moreover, OSC's alleged failure to investigate logically cannot have changed Mr. Wine's working conditions. Any hostile working conditions Mr. Wine experienced at FWS must have existed before he even complained to OSC, else he would have had no grounds for a complaint. Thus, either OSC has not yet been given adequate notice of Mr. Wine's allegations, or any failure to act by OSC only maintained the status quo. OSC's hypothetical ability to improve the status quo by investigating Mr. Wine's allegations and recommending corrective action does not give the Board jurisdiction over an IRA appeal involving OSC. *Cf. Wren v. Merit Sys. Prot. Bd.*, 681 F.2d 867, 871–72 (D.C. Cir. 1982) (holding that the Board has no authority to enforce OSC's statutory requirement to investigate whistleblower reprisals).

The Whistleblower Protection Act offers Mr. Wine the opportunity to resolve any allegations he believes were not adequately investigated by OSC through filing an IRA appeal directed to FWS's actions. Mr. Wine invoked that right for the Fall 2016 complaint already, as discussed in the 2017 IRA Decision. *See* Section I, *supra.* If any allegations were not exhausted before that IRA appeal—thereby depriving the Board of jurisdiction over those allegations in that appeal—the lack of jurisdiction was not for OSC's failure to investigate or take action, but for Mr. Wine's failure to make those allegations to OSC with adequate

specificity.[2]  After all, the OSC need not act for aggrieved persons to have exhausted their remedies before OSC.  *See Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1036 (Fed. Cir. 1993) ("[I]f no action has been taken by the OSC within 120 days . . . [an] employee [may] seek corrective action from the Board.") (citing 5 U.S.C. § 1214(a)(3)(B)).  Any IRA appeal Mr. Wine may still have lies against FWS, not OSC. Establishing Board jurisdiction in such an appeal may require a new OSC complaint specifically making the unexhausted allegations, if Mr. Wine has a basis for such a complaint despite having already been separated from FWS.

Because the Board did not err in finding that Mr. Wine failed to identify a qualifying personnel action that OSC had taken against him, we affirm the Board's dismissal of his appeal.

**AFFIRMED**

No costs.

---

[2]   In that appeal, the Administrative Judge also found that—assuming Mr. Wine *had* exhausted the allegations made here—those allegations were "discrete, unrelated events, which taken together, do not constitute impermissible alterations in the terms and conditions of his employment." *Wine*, 2017 MSPB LEXIS 5121 at *51. So, even if Mr. Wine's allegations were properly raised against OSC, they would still not yield non-frivolous allegations of a personnel action under § 2302(a)(2)(A)(xii).